

Milana Dostanitch

420 Lexington Avenue, Suite 1830
New York, New York 10170
Main: 212.392.4772
Direct: 212.764.5828
Fax: 212.444.1030
milana@lipskylowe.com

www.lipskylowe.com

January 21, 2022

VIA ECF
The Honorable Sanket J. Bulsara, U.S.M.J.
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     Rakhmanin *et al.* v. Kanex, Inc., *et al*.1:21-cv-00275-WFK-SJB

Dear Magistrate Judge Bulsara:

This firm represents the Plaintiffs Sergei Rakhmanin, Natalia Stepanova and Svetlana Larina in this Fair Labor Standards Act and New York Labor Law matter. We submit this letter, on behalf of all parties, seeking the Court's approval of the settlement agreement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and *Wolinsky v. Scholastic Inc.*, No. 11-cv-5917 (JMF), 2012 U.S. Dist. LEXIS 93918 (S.D.N.Y. July 5, 2012).

I.      Summary of Plaintiffs' Claims and Damages

        A.      Overview of Defendants' Business and Plaintiffs' Duties

Defendants Alex Smushkovich and Tatyana Ruganovich own and operate Kanex Inc. d/b/a "Grand Mountain Hotel," a hotel located in Ulster County, New York. The hotel is open from May to September and mainly caters to the Russian community, offering them group stays, lasting an average of 10-days. The hotel services an average of 115 guests per week.

Defendants employed Plaintiffs during different seasons from 2016 to 2019 and in various positions. Namely, they employed Sergey Rakhmanin as a repairman,[1] server, kitchen helper and dishwasher, each season from May 2017 to June 2019.[2] They employed Natalia Stepanova and Svetlana Larina as servers from June 15, 2018 to August 9, 2018 and from June 17, 2019 to August 2, 2019, respectively.

---

[1] Rakhmanin worked as a repairman for two weeks each year, except 2017.
[2] He worked for them from May 8, 2016 to September 13, 2016, September 1 to 10, 2017, May 2018 to September 13, 2018 and from mid-May 2019 to June 2019.


B.     Days and Hours Worked

During his employment as a repairman, Rakhmanin worked seven days a week, from 8:00 a.m. to 5:00 p.m., without any breaks, equaling 9 hours per day and 63 hours per week. When working as servers, all of the Plaintiffs worked 7 days per week, typically from 8:00 a.m. to 8:00 p.m. or 10:00 p.m., with a 30-minute lunch break, averaging 13 hours a day and 91 hours per week. They always worked more than 40 hours in a week.

C.     Plaintiff's Factual Allegations and Legal Claims

Plaintiffs have made certain allegations in this Lawsuit regarding Defendant's alleged failure to pay wages and overtime compensation properly under the FLSA and Labor Law. Specifically, Plaintiffs allege that:

1.     Defendants failed to pay Plaintiffs the federal and state minimum wage;

2.     Defendants failed to pay Plaintiffs overtime;

3.     Defendants failed to pay Plaintiffs spread-of-hours pay;

4.     Defendants failed to provide Plaintiffs with an accurate wage statement under N.Y. Lab. Law § 195.3 with any wage payment or with a Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1;

5.     Defendants failed to pay Plaintiffs service charges and tips; and

6.     Defendants retaliated against Plaintiff Stepanova by firing her after she complained about not receiving service charges and tips.

D.     Plaintiffs' Estimated Damages

Based on the alleged employment policies, the hours worked and compensation received, Plaintiffs calculate they are owed the following under their FLSA and Labor Law Claims:

- Rakhmanin is owed $85,814.96 in compensatory damages: $10,834.99 in minimum wage + $29,342.40 in overtime + $2,328.20 in spread-of-hours pay + $25,659.38 in unpaid service charges + $7,650.00 in unpaid tips + $10,000.00 for record keeping violations + $75,814.96 in liquidated damages + $25,625.29 in interest accruing at 9.00% annually.

- Stepanova is owed $31,972.06 in compensatory damages: $1,965.36 in minimum wage + $6,364.80 in overtime + $582.40 in spread-of-hours pay + $6,037.50 in unpaid service charges + $11,200.00 in unpaid tips + $2,800.00 in record keeping violations + $17,750.06 in liquidated damages + $4,792.52 in interest accruing at 9.00% annually. She is also owed $6,422.00 for lost wages for Defendants' retaliatory termination.

  Larina is owed $23,547.99 in compensatory damages: $1,877.23in minimum wage + $5,944.05 in overtime + $534.90 in spread-of-hours pay + 5,282.81 in unpaid service charges + $2,459.00 in unpaid tips + $7,450.00


in record keeping violations + $16,097.99 in liquidated damages + $2,897.64 in interest accruing at 9.00% annually.

Accordingly, their total compensatory damages equal to $141,335.02, without liquidated damages and interest.

## II.    Procedural and Settlement History

On October 16, 2020, Plaintiffs filed their Complaint asserting the following claims: failure to pay the minimum wage under the Fair Labor Standards Act and New York Labor Law; failure to pay overtime premium pay under the FLSA and Labor Law; unlawfully retaining gratuities under the FLSA and Labor Law; failure to pay spread-of-hours pay under the Labor Law; failure to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1; failure to provide an accurate wage statement under N.Y. Lab. Law § 195. Additionally, Stepanova asserts individual FLSA and Labor Law retaliations claims. On August 31 and September 27, 2021 the parties participated in two mediation sessions with a well-regarded mediator, Roger Briton. But no resolution was reached. After continued arm's-length negotiations, the parties reached a deal on November 30. The Agreement was not, however, fully-executed until January 4, 2022.[3]

## III.    Summary of Settlement Terms

Plaintiffs have agreed to resolve their claims for $55,000: $36,666.67 payable to Plaintiffs; $19,333.33 payable to their counsel Lipsky Lowe, $18,333.33 for their fees, equaling one-third of the settlement, and $1,000.00 payable to their counsel for expenses.[4] Payment will be made within 15 days of the Court approving the Agreement, assuming it does. In consideration and exchange for this Settlement, the Plaintiffs agree to release the Defendant for all wage and hour claims.[5]

To date, there are no unresolved disputes. Additionally, the Plaintiffs have agreed to all other terms of the Settlement Agreement.

## IV.    Defendants' Affirmative Defenses

Defendants deny the Plaintiffs' allegations and assert that Plaintiffs' worked less then forty (40) hours per week and were compensated during their employment. Defendants further assert that the hotel caters to senior citizens in the Russian Community offering them group stays, lasting an average of 10-days. The hotel services an average of 50 guests per week. Defendants' assert that they do not charge guests a service charge.

Furthermore, Defendants assert that their financial condition would not allow them to satisfy any judgment above the settlement amount. To that end, Defendants have produced personal and corporate bank records and tax returns to Plaintiff's Counsel to

---

[3] January 4, 2022 Settlement Agreement, Exhibit A.
[4] Settlement Agreement ¶ 4(b).
[5] *Id.* ¶¶ 3-4.



demonstrate the lack of financial resources and have attested that these documents are accurate and true.[6]

Based on the defenses listed above, Defendants believe that Plaintiffs' $141,335.02 final damages, as set forth in Section I(E) above, would be significantly diminished, if not, totally dismissed, were this case to move forward through discovery and trial.

V. The Settlement Agreement Should Be Approved As It is Fair and Reasonable Under the Circumstances and Complies with the Second Circuit's Decision in *Cheeks v. Freeport Pancake House, Inc.*

    A.    The Settlement Agreement is Fair and Reasonable.

"Generally, there is a strong presumption in favor of finding a settlement fair, because the Court, is generally not in as good a position as the partis to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks omitted). A court should consider the totality of circumstances to determine whether the proposed settlement is fair and reasonable. This includes at least five factors: (1) the complexity, expense and likely duration of litigation; (2) the stage of the proceedings; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of defendants to withstand a larger judgment; and (6) the range of reasonableness in light of the best possible recovery and all the risks of litigation. *Alvarez v. Sterling Portfolio Inv. L.P.*, No. 1:16-cv-5337 (CBA)(VMS), 2017 U.S. Dist. Lexis 206043, at *25 (E.D.N.Y. Dec. 13, 2017); *Wolinsky v. Scholastic Inc.*, No. 11-cv-5917 (JMF), 2012 U.S. Dist. LEXIS 93918, at *4-5 (S.D.N.Y. July 5, 2012) (citing Medley v. Am. Cancer Soc., No. 1:10-cv-3214 (BSJ), 2010 U.S. Dist. LEXIS 75098, at *3 (S.D.N.Y. July 23, 2010)).

In considering these factors, courts may enter judgment on a basis that does not require full payment of Plaintiffs' claims or liquidated damages. This is appropriate where, like here, the defendants could not satisfy a full judgment. *See Sanchez v. Alan's R E 99 Cents & Up Inc.*, No. 1:16-cv-1881 (CBA) (LB), 2018 U.S. Dist. LEXIS 70647, *9 (E.D.N.Y. April 24, 2018) (approving settlement that provides for 20% of the claimed damages based on defendants' financial condition); *Garcia v. Good for Life by 81, Inc.*, No. 17-cv-07228 (BCM), 2018 U.S. Dist. LEXIS 117437, at *6 (S.D.N.Y. July 12, 2018) (approving settlement that provides for less than 100% recovery based on defendant's financial health).

    1.    The settlement is reasonable and fair in view of the case's complexity, expense and the duration of the litigation.

While certain parts of this FLSA matter are not highly complex, serious factual questions exist that would require heavy litigation. The parties do not agree on the basic facts, including the hours Plaintiffs worked and the wages they received. Additionally, Defendants adamantly deny that the guests had to pay *any* automatic service charge as a percentage of their lodging costs and, therefore, deny that they retained *any* of the service

---

[6] *Id.* ¶ 6.


charges and tips the guests allegedly left to Plaintiffs. While some informal discovery occurred, if this case were to proceed, the parties would need to conduct full discovery, including depositions.

Litigating FLSA claims and damages at trial would be a fact-intensive process demanding additional costly litigation by both parties. Without this Settlement, both parties would need to spend significant time and resources to prepare for a multi-week trial, including meeting with and preparing each of the individual Plaintiffs for trial testimony, preparing trial exhibits, preparing motions *in limine*, preparing pre-trial briefing, drafting jury instructions, *voir dire*, and a verdict form, preparing opening statements, presenting the case to a jury, preparing summation, presenting the issue of liquidated damages to the Court for a decision, likely post-trial motions practice, and possible appeal. In short, the anticipated burdens and expenses on both parties would be significant.

This litigation would be costly and time-consuming. As such, this factor favors approving the settlement. *See Marshall v. Deutsche Post DHL*, 1:13-cv-1471 (RJD) (JO), 2015 U.S. Dist. Lexis 125869, at *12 (E.D.N.Y. Sept. 21, 2015) (finding that costly litigation favors approving settlement).

    2.    The settlement is reasonable and fair considering the stage of the proceedings.

The parties participated in meaningful, informal discovery, allowing them to adequately evaluate the strengths and weaknesses of their respective claims and defenses. This favors approving the settlement. *See Alvarez*, 2017 U.S. Dist. Lexis 206043, at *8 (approving settlement where discovery was incomplete but the parties had sufficient information to analyze the case); *Hall v. Prosource Techs., LLC*, No. 1:14-cv-2502 (SIL), 2016 US. Dist. Lexis 53791, at *39 (E.D.N.Y. April 11, 2016) (approving settlement where informal discovery was exchanged sufficient enough the parties had "adequate knowledge of the strengths and weaknesses of their respective claims and defenses").

    3.    The settlement is reasonable and fair considering the risks of establishing liability and damages.

The biggest risk in Plaintiffs' case is establishing that Defendants charged a service charge to their guests and unlawfully retained service charges and gratuities allegedly left to them. Additionally, Plaintiffs would also have to prove the hours they worked – a hotly contested issue. Based on Defendants' position that they never charged the guests *any* services charge and that Plaintiffs worked a fraction of the hours alleged, Plaintiffs would be entitled to a minimum amount of damages. But the settlement avoids this risk. It is accordingly uncertain whether, or how much, they would recover at trial. This factor, therefore, favors approval of the settlement. *See Marshall*, 2015 U.S. Dist. Lexis 125869, at *13 (explaining because the case was not a "slam dunk" these factors favor approval); *Bodon v. Domino's Pizza, LLC*, No. 1:09-cv-2941 (SLT), 2015 U.S. Dist. Lexis 17358 (E.D.N.Y. Jan. 16, 2015) ("[T]she question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the uncertainties the class faces . . . .").


4.      The settlement is reasonable and fair considering Defendants'
        ability to withstand a larger judgment.

Defendants have made explicit representations that they lack the financial resources to pay the total amount of Plaintiffs' claimed damages and provided documentation substantiating this. This is a meaningful factor in Plaintiffs agreeing to resolve their claims for less than their claimed damages. The settlement, however, remains reasonable considering Defendants' financial condition. *See Sanchez*, 2018 U.S. Dist. LEXIS 70647, *9 (approving settlement that provides for 20% of the claimed damages based on defendants' financial condition).

5.      The settlement is reasonable and fair considering Plaintiffs' best
        possible recovery and the litigation risks.

Plaintiffs calculate their total recovery for their wage and hour claims to be, excluding interest and liquidated damages, $141,335.02. To obtain this, they would have to prove Defendants' guests paid an automatic service charge as a part of their lodging costs and disprove some of Defendants' produced documents that indicate the opposite. Additionally, they would have to prove the hours they worked and disprove the hours Defendants claim they worked.

A real likelihood, therefore, exists that they would recover a fraction of the settlement amount for their unpaid wages and statutory penalties. But this settlement provides them with 38.9% ($55,000/$141,335) of their claimed damages. This range favors approval. *See Alvarez*, 2017 U.S. Dist. Lexis 206043, at * 25 (approving an FLSA settlement where Plaintiffs' recovery range varied significant on the success of certain defenses).

B.      The Agreement Is the Product of Arm's-Length Settlement Negotiations.

The parties engaged in good faith, arm's length negotiation in reaching this Settlement. Counsel for both parties negotiated settlement terms over the course of several months, after the parties exchanged informal discovery, and engaged in two mediation sessions with the well-regarded mediator, Roger Briton. These factors favor approval. *See Garcia v. Pancho Villa's of Huntington Vill., Inc.*, No. 1:09-cv-486 (ETB), 2012 U.S. Dist. Lexis 144446, at * 7-8 (E.D.N.Y. Oct. 4, 2012) (approving settlement that was reached following arm's-length negotiations and with a mediator's assistance).

C.      The Agreement Complies with the Second Circuit's Decision in *Cheeks v.
        Freeport Pancake House*.

In August 2015, the Second Circuit resolved an arguably unsettled issue: parties cannot privately settle FLSA claims without either the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). The Court also explained in *dicta* when an FLSA settlement is valid. Namely, it questioned the validity of agreements that contain confidentiality provisions, single-sided general releases and attorneys' fees that go beyond a certain percentage. *Id*. None of those issues are present in the Agreement.


       1.     <u>The Agreement complies with *Cheeks* since it is publicly filed.</u>

The Agreement does not contain a confidentiality provision and it is publicly available, having been filed on the CM/ECF system with this motion. This concern thus does not exist, favoring approval.

       2.     <u>The Agreement complies with *Cheeks* since it contains a limited release.</u>

The Agreement's release is limited to the wage and hour claims asserted in this action.[7] This favors approval. *See Gomez v. Midwood Lumber & Millwork, Inc.*, No. 1:17-cv-3064 (KAM)(JO), 2018 U.S. Dist. Lexis 101019, at * 15 (E.D.N.Y. June 17, 2018) (approving settlement agreement when the release was limited to the asserted wage and hour claims); *Wiles v. Logan Staffing Sols. Inc.*, No. 18-cv-9953 (RA), 2020 U.S. Dist. LEXIS 36485, at *4 (S.D.N.Y. Mar. 2, 2020).

       3.     <u>The Non-Disparagement Clause Allows for Truthful Statements</u>

The Non-Disparagement Clause contained in the Agreement allows for truthful statements by the Plaintiff about this Action.[8] The concern of a fill non-disparagement clause accordingly does not exist, favoring approval.

VI.    <u>The Court Should Approve Plaintiffs Counsel's Fees and Expenses, As the Amounts Are Reasonable</u>

    A.    <u>Counsel's Fees of One-Third of The Settlement Is Reasonable and Regularly Approved.</u>

Plaintiffs' Counsel shall receive, under the Agreement and subject to the Court's approval, $18,333.33 in fees, which is one-third of the $55,000 settlement.[9] Plaintiffs' Counsel seeks one-third in fees also pursuant to the contingency fee agreement with Plaintiffs.

This amount is reasonable as contingency fees of one-third in the FLSA context are routinely approved. *See e.g., Sanchez v. Alan's R E 99 Cents & Up Inc.,* No. 16-cv-1881 (CBA)(LB), 2018 U.S. Dist. LEXIS 70647, at *13 (E.D.N.Y. Apr. 24, 2018) (approving one-third fee request in FLSA case); *Emiliano Nieto Zepeda v. Baggio, Ltd.*, No. 1:17-cv-2290 (VB), 2017 U.S. Dist. LEXIS 143332, at *2 (S.D.N.Y. Sept. 1, 2017) (approving one-third request fee request). And it remains reasonable for counsel to receive one-third of the fund even when the Plaintiffs are not receiving 100% of their claimed damages. *See Emiliano Nieto Zepeda*, 2017 U.S. Dist. LEXIS 143332, at *2 (approving one-third request when Plaintiffs is receiving 50% of her claimed damages).

Also, this firm assumed a meaningful financial risk when agreeing to represent Plaintiffs under this contingency fee arrangement. We took on the case with no guarantee if and when there would be a resolution, while investing our time and effort and advancing

---

[7] Settlement Agreement ¶ 3.

[8] *Id*. ¶ 7

[9] *Id*. ¶ 4.



costs – all with no guarantee of any compensation. Indeed, in unsuccessful cases, this firm does not recover anything despite investing hundreds of hours and thousands in expenses. This assumption of risk is unique to the plaintiffs' bar and further favors approving the near-one-third contingency fee. *See Garcia*, 2012 U.S. Dist. Lexis 144446, at *20; *Campos v. Goode*, No. 1:10-cv-224 (DF), 2011 U.S. Dist. Lexis 22959, at *19 (S.D.N.Y. March 4, 2011).

B.     Counsel's Fee Request Is Further Reasonable Considering Their Hourly Rates and Hours Expended.

Lipsky Lowe has expended more than 85.9 hours, equaling $26,170.00 in fees: 4.0 hours for Douglas Lipsky (partner) at $400 per hour, totaling $1,600.00; and 81.9 hours for Milana Dostanitch (Senior Associate) at $300 per hour, totaling $24,570.00.[10]  These hours and rates are reasonable.

1.     Counsel's fee request is reasonable considering the requested hourly rates, their experience and previously approved rates.

Plaintiffs request a rate of $400 for partner Douglas B. Lipsky, which is reasonable considering his background: he has practiced employment law for 19 years; he is a member of the New York State Bar Association, Wage and Hour Committee; he has presented on numerous issues, including presenting to the New York State Academy of Trial Lawyers on employment law and the FLSA; he was a contributing authority on a treatise on wage and hour litigation, Wage & Hour Collective and Class Litigation, ALM Law Journal Press (2012); prior to founding Lipsky Lowe, he was a Senior Associate at Seyfarth Shaw LLP in its employment practice group, which is consistently ranked as one of the top employment practice groups in the Country. Courts, recognizing this background, have previously approved this rate. *See Rosado v. The French Paradox Inc., et al.*, 1:20-cv-7788 (MKV) (S.D.N.Y. April 26, 2021) (approving Lipsky's $400 rate); *Patrascu v. Frederic Fekkai New York LLC*, 1:19-cv-1376 (VEC) (S.D.N.Y. June 17, 2020) (same); *Owens v. Fresh Direct LLC*, 1:14-cv-1909 (VEC) (S.D.N.Y. Oct. 30, 2015) (approving one-third fee request in which, for lodestar purposes, Lipsky's hourly rate was $400); *Spencer v. No Parking Today, Inc., et al.*, No. 12-cv-6323 (ALC) (AJP), Dkt. No. 237 (S.D.N.Y. Feb. 20, 2015) (approving one-third fee request in which, for lodestar purposes, Lipsky's hourly rate was $400); *Ceka v. PBM/CMSI Inc.*, No. 12-cv-1711 (DAB), 2014 U.S. Dist. LEXIS 168169, *20 (S.D.N.Y. Dec. 2, 2014) (same).

Furthermore, Courts in this District have approved the rate requested here for attorneys of similar experience in FLSA matters. *See e.g., Hall v. ProSource Technologies, LLC*, 14-cv-2502 (SIL), 2016 U.S. Dist. LEXIS 53791 (E.D.N.Y. April 11, 2016) ("Courts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates and $70 to $100 per hour for paralegals."); *Alvarez v. Sterling Portfolio Inv. L.P.*, 2017 U.S. Dist. LEXIS 206043, at *20 (E.D.N.Y. Dec. 13, 2017) ("Recent decisions in this District have determined that $300-

---

[10] Contemporaneous and near contemporaneous time records, Exhibit B.



$400 per hour is the reasonable range within which partners or experienced attorneys may place their rates in typical FLSA cases").

Plaintiffs request an hourly rate of $300 for Milana Dostanitch, which is reasonable considering her background: she is an eighth-year associate who graduated in 2014 from Fordham University School of Law and has practiced exclusively in employment law since graduating; she is an Adjunct Professor at Fordham University School of Law, where she teaches trial preparation and courtroom presentation; and she is a Committee Member of the Labor and Employment Law Committee. Courts in the Eastern District have approved her $300 hourly rate. *See Batista v. Heavy Construction Co., Inc. et al.*, No. 1:20-cv-03431 (RER), (E.D.N.Y. February 15, 2021) (approving Ms. Dostanitch's rate of $300 as reasonable in an FLSA matter); *Huziankou v. NY Sweet Spot Cafe Inc. et al.*, No. 1:18-cv-05715 (RER), Dkt. No. 53 (E.D.N.Y. October 9, 2020) (same); *Salvador v. Highland Int'l Transpo. Serv. Inc.*, 1:18-cv-5716 (SJB) (E.D.N.Y. July 25, 2019) (same). These decisions are consistent with what courts have approved for other attorneys with comparable experience. *See Ye Hong v. 7 Express Restaurant Corp.*, 17-cv-2174 (KAM)(JO), 2019 U.S. Dist. LEXIS 42847 (E.D.N.Y. March 14, 2019) ("Judges in this district generally award fees in cases like this [i.e. FLSA] based on the following hourly rates . . . $200.00 to $300.00 for senior associates"); *Alvarez*, 2017 U.S. Dist. LEXIS 206043, at *21 ("$200-$325 per hour are the reasonable ranges within which junior and senior associates respectively may place their rates in typical FLSA cases"); *Hall*, 2016 U.S. Dist. LEXIS 53791, at *39 (E.D.N.Y. Apr. 11, 2016) (approving $300 for a senior associate).

2. Counsel's fee request is further reasonable considering they regularly represent clients who pay them rates that are greater than the requested rates.

As the redacted engagement letters confirm, Plaintiffs' Counsel often represents individuals and businesses who pay them hourly rates that exceed the requested rates: clients regularly agree to pay Mr. Lipsky $600 or more per hour and agree to pay Ms. Dostanitch $375 per hour. This further underscores the reasonableness of the requested rate, as it reflects the market rate for an attorney of her experience. *See Anthony v. Franklin First Fin., Ltd.*, No. 09-cv005578 (BSJ)(RLE), 2012 U.S. Dist. LEXIS 21730, at *8 (S.D.N.Y. Feb. 16, 2012) (the court "giving significant weight" to redacted engagement letters to approve the requested hourly rates); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 544 (S.D.N.Y. 2008) (explaining "the range of rates that Plaintiffs' counsel actually charge their clients . . . is obviously strong evidence of what the market will bear").[11]

3. Counsel's fee request is further reasonable considering hourly rates are not stagnant.

These rates are further reasonable when considering hourly rates are not stagnant: they generally increase year-to-year, resulting in the market rate for a Senior Associate in 2022 being greater than what it was in 2014. The average attorney hourly rates in New

---

[11] Engagement Letters (client names and matters have been redacted), Exhibit C.



York, in fact, increased by 3% in 2021.[12] It accordingly follows that the hourly rates that were approved in earlier years do not reflect what those rates would be in today's market for someone with the same experience.

Putting this in context, the $400 hourly rate that was recognized as reasonable in 2017 for a Partner in *Alvarez v. Sterling Portfolio Inv. L.P.* would be $448 in today's market.[13] And the $300 hourly rate that was approved for a Senior Associate in 2016 in *Hall v. Prosource Techs., LLC* would be $345[14] in today's market.

> 4. Counsel's fees are further reasonable considering the work done on this case.

Before filing the lawsuit, the parties engaged in meaningful, but unsuccessful, settlement talks. After the lawsuit was filed, the parties completed meaningful informal discovery and engaged in significant settlement talks.

> 5. Counsel's fees are further reasonable considering the division of labor between Partner and Associate

Ms. Dostanitch performed the majority of the work on this matter. This case is therefore not the situation where a partner does all of the work and seeks to be compensated for associate-level work. This firm was, rather, able to allocate the most cost efficient resources to this case, while effectively representing the Plaintiffs.

> 6. Counsel's fees are further reasonable considering their lodestar is greater than the requested fees.

Counsel's lodestar is $26,170. Counsel, however, seeks only $18,333.33 in fees, representing 70% of their fees.

> C. Lipsky Lowe Are Entitled to Their Expenses

Lipsky Lowe is entitled to recover its costs in additional to their reasonable fees. See 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1-a), 663. These include reimbursement for, by way of example, filing fees and mediator fee *See Marquez v. Erenler, Inc.*, No. 12-cv-8580 (GHW), 2014 U.S. Dist. LEXIS 159128, at *9 (S.D.N.Y. Nov. 10, 2014) (awarding filing and transcript fees, and process server expenses); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 624 (S.D.N.Y. 2012) (awarding expenses including filing fees and postage).

Here, while Counsel incurred $1,602.84 in expenses, Counsel is seeking only $1,000.00 in expenses for the filing fee, mediator fee and process server fee.[15] Counsel should be reimbursed for them.

---

[12] https://www.attorneyatwork.com/solo-and-small-firm-lawyer-hourly-rates/
[13] $400 x 1.03^4=$448.
[14] $300 x 1.03^5=$345.
[15] Expense records, Exhibit D.

 

VII.    <u>Conclusion</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court approve the Agreement and award the requested attorneys' fees and expenses.

Respectfully submitted,
LIPSKY LOWE LLP


<u>s/ Milana Dostanitch</u>
Douglas B. Lipsky
Milana Dostanitch


CC:    Defense Counsel (Via ECF)

# EXHIBIT A

DocuSign Envelope ID: FEDDEF9E-D73E-4CDD-A941-006674B2D5A9

## NON-CONFIDENTIAL SETTLEMENT AGREEMENT AND LIMITED RELEASE

This December 21st, 2021 NON-CONFIDENTIAL SETTLEMENT AGREEMENT AND LIMITED RELEASE (the "Agreement") is made and entered into between Plaintiffs Sergei Rakhmanin, Natalia Stepanova and Svetlana Larina ("Plaintiffs") and Defendants Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Rubanovich ("Defendants") (collectively the "Parties").

WHEREAS, on October 16, 2020, Plaintiffs filed a lawsuit in the U.S. District Court for the Eastern District of New York, Index No. 1:21-cv-00275, that asserts Defendants (i) failed to pay them overtime premium pay, violating the Fair Labor Standards Act and New York Labor Law, (ii) failed to pay them minimum wage and spread-of-hours pay under the Labor Law; (iii) failed to provide them with the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, (iv) failed to provide them with the wage statements required under N.Y. Lab. Law § 195.3, (v) unlawfully retaining gratuities under the Labor Law and FLSA, and (vi) retaliated against Plaintiff Stepanova under the Labor Law and FLSA (the "Action"); and

WHEREAS, Defendants have alleged in the Action that they lawfully paid the Plaintiffs and complied with its FLSA and Labor Law statutory obligations; and

WHEREAS, Defendants deny the allegations and claims that Plaintiffs assert in the Action and specifically deny that their conduct was in any way illegal, wrongful or improper; and

WHEREAS, the Parties now wish to amicably resolve the Action.

NOW, THEREFORE, in considering the promises and covenants contained in this Agreement, the Parties hereby agree as follows:

1.  <u>Dismissal of the Action.</u> Plaintiffs agree to dismiss the Action with prejudice. Plaintiffs agree, in that regard, to take all actions necessary to accomplish the dismissal with prejudice of the Action, including filing a motion with the Court seeking its approval of the Agreement.

2.  <u>Fully-Executed Agreement & Effective Date.</u>

    a.  Within 5 calendar days of receiving from Plaintiffs the executed Agreement, Defendants shall provide Plaintiffs the fully-executed Agreement. When providing them the executed Agreement, Plaintiffs shall provide Defendants IRS Forms W-9 completed by them and Plaintiffs' Counsel, Lipsky Lowe LLP.

    b.  This Agreement shall become effective and enforceable once the Parties have executed it and the Court enters its order approving it (the "Effective Date").

3.  <u>Limited Release of Claims.</u> Plaintiffs, for the consideration set forth in this Agreement, which they acknowledge is adequate and satisfactory to them, hereby commit as follows.

Plaintiffs hereby IRREVOCABLY AND UNCONDITIONALLY RELEASE, WAIVE AND FOREVER DISCHARGE Defendants from any and all complaints, charges, causes of action, agreements, promises, liabilities, claims, demands, rights and entitlements of any kind whatsoever, in law or equity, whether known or unknown, asserted or un-asserted, fixed or contingent, apparent or concealed, which Plaintiffs, their heirs, executors, administrators, successors or assigns ever had, now have or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever existing, arising or occurring at any time on or prior to the date they execute this Agreement in connection with Defendants employing them, that involve claims for not being paid for all hours worked, for not being paid overtime, for not being paid the minimum wage, for not being paid spread-of-hours pay, for unlawfully withheld gratuities and for being retaliated against under the FLSA and Labor Law. The released claims, under this paragraph, include all types of relief available for the above referenced theories of relief, including any claims for unpaid wages, minimum wage, unpaid overtime, spread-of-hours pay, gratuities, damages, restitution, losses, penalties, fines, liens, attorneys' fees, costs, expenses, debts, interest, injunctive or declaratory relief, chargebacks, liquidated damages or similar relief (the "Released Claims").

4.  <u>Settlement Payment.</u> In consideration for the limited release in Paragraph 3 and the other promises made in this Agreement, Defendants, from their Counsel's trust account, will pay Plaintiffs and Plaintiffs' Counsel, within 15 days of the Agreement's Effective Date (defined in Paragraph 2.b), the total gross amount of $55,000.00 (the "Settlement Payment") as follows:

a.  $35,666.67 will be paid to Plaintiffs by three separate checks, all without any withholdings, to be reflected on an IRS form Misc-1099 (with the information in Box 3) for payment of compensatory damages: 1) a check in the amount of $22,755.34 payable to "Sergei Rakhmanin," 2) a check in the amount of $7,525.66 payable to "Natalia Stepanova," and 3) a check in the amount of $5,385.66 payable to "Svetlana Larina."

b.  A check in the amount of $19,333.33 payable to "Lipsky Lowe LLP" for attorneys' fees and costs, without any withholdings therefrom, to be reflected on an IRS form 1099, for payment of attorneys' fees and costs incurred in this proceeding.

c.  The above payments shall be delivered to Lipsky Lowe LLP, at 420 Lexington Avenue, Suite 1830 New York, N.Y. 10170-1830, addressed to Douglas B. Lipsky.

d.  Plaintiffs must ensure that any and all tax obligations relating to any untaxed payments made pursuant to this Agreement are properly filed and/or paid. Plaintiffs shall be responsible for the payment of any taxes owed which are not withheld by Defendants from sums paid pursuant to 4(a). Lipsky Lowe LLP shall be responsible for the payment of any taxes owed which are not withheld by Defendants from sums paid pursuant to 4(b). Plaintiffs shall not be responsible for payment of any taxes from sums received by Lipsky Lowe LLP pursuant to 4(b). In the event that any federal, state or local taxing authority or court determines that taxes, interest and/or penalties are due and owing as a result of any non-payment by Plaintiffs, said taxes, interest, penalties or other liabilities shall be the sole obligation and liability of Plaintiffs, who shall hold harmless, indemnify and Defendants and any other affected released parties.

DocuSign Envelope ID: FEDDEF9E-D73E-4CDD-A941-006674B2D5A9

e. Defendants shall send Plaintiffs 1099s for sums paid pursuant to 4(a), at the appropriate times. Defendants shall send Lipsky Lowe LLP 1099 for any sums paid pursuant to 4(b), at the appropriate times.

5. <u>No Pending Claims and No Other Potential Plaintiffs.</u>

a. Plaintiffs represent and warrant that, besides the Action, they have no claims, charges or complaints against Defendants arising out of or relating to their employment with Defendants or their separation from Defendants before any federal, state or local court or agency.

b. Plaintiffs' Counsel hereby represents that it does not represent anyone or is aware of anyone who is contemplating bringing any of the Released Claims against Defendants. And Counsel agrees not to solicit anyone to bring any claims against Defendants.

6. <u>Defendants' Ability to Withstand A Full Judgment.</u> Defendants represents that they lack the financial resources to withstand a full judgment in this Matter and has provided Plaintiffs' Counsel true and correct financial documents substantiating that.

7. <u>Non-Disparagement and Neutral Job Reference.</u>

a. Plaintiffs agree that they shall not say or do anything, directly or indirectly, orally or in writing, that may criticize, disparage or reflect adversely on, or encourage any adverse action against Defendants. Plaintiffs are, however, permitted to make truthful statements to third-parties, including governmental agencies, about their employment with Defendants and litigation of this Action. This includes being permitted to cooperate with any governmental investigation and to provide testimony in support of any investigation or case, and to tell non-governmental entities about what claims they asserted, the underlying allegations, what transpired during the Action and the result of the Action.

b. In responding to any inquiries from Plaintiffs' prospective employers or other legitimate third-party entities, including any government entities, Defendants shall state only Plaintiffs' employment period and position.

8. <u>Court Approval and Non-Confidentiality of the Agreement.</u>

a. The Agreement's validity and enforceability is subject to the Court's approval. Accordingly, if for any reason the Court does not approve this Agreement, this Agreement shall be null and void and the Parties will return to the *status quo ante* prior to entering into this Agreement with respect to the Action, as if the Parties had never entered into this Agreement. In such event, the Agreement and all negotiations shall be without prejudice to the rights of any and all Parties to this Agreement, and any evidence relating to the Agreement and all negotiations shall not be admissible or discoverable in the Action or otherwise. If the Court refuses to approve the Agreement, the Parties agree to work in good faith to resolve any issues the Court raises with the Agreement.

b.     The Parties understand and acknowledge that this Agreement will be publicly filed on PACER and its terms are therefore not confidential.

9.     <u>No Admission.</u> Nothing contained in this Agreement, nor its consummation, nor any payments made under it, may be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendants. Defendants specifically deny any liability and retain any and all defenses to the claims and any other claims arising under or related to any of the allegations in the Action if the Court does not approve the Agreement in its entirety.

10.     <u>Drafting.</u> Each Party acknowledges that they have cooperated fully in drafting and preparing this Agreement, and hence no rule of construction may be used to construe this Agreement against any Party by virtue of that Party's role in drafting this Agreement.

11.     <u>Modification.</u> This Agreement may not be changed orally, and no modification, amendment or waiver of any provision contained in this Agreement, or any future representation, promise or condition in connection with the subject matter of this Agreement, shall be binding upon any party hereto unless made in writing and signed by all Parties.

12.     <u>Integrated Document.</u> This Agreement contains the entire agreement and complete settlement by and among the Parties and supersedes any and all previous agreements of any kind whatsoever between them, whether written or oral, regarding the claims being released in this Agreement. All prior and contemporaneous discussions and negotiations have been and are merged and integrated into, and are superseded by, this Agreement. This is an integrated document.

13.     <u>Severability.</u> The provisions of this Agreement are severable, and if any part of it is found to be unlawful or unenforceable, the other provisions of this Agreement shall remain fully valid and enforceable to the maximum extent consistent with applicable law, except that if Paragraph 3 is invalidated, this Agreement shall be null and void.

14.     <u>Governing Law and Prevailing Party.</u> This Agreement is made and entered into, and shall be subject to, governed by, and interpreted in accordance with the laws of State of New York and shall be fully enforceable in the state or federal courts of that state, without regard to conflicts of law principles. The Parties also consent to the service of process, pleadings, notices or other papers by any method of service approved by the state and/or federal courts in New York. The prevailing party in seeking to enforce the terms of this Agreement, including post-judgment discovery, shall be entitled to its reasonable attorneys' fees and expenses.

15.     <u>Non-assignment.</u> Neither this Agreement nor any portion hereof is assignable. The Parties represent, warrant and covenant that they have not previously assigned or transferred, or purported to assign or transfer, to any individual or entity, any of the rights, claims, demands or causes of action being released herein, and agree that no such assignment or transfer may occur without a written consent executed by the Parties, and any attempt to do so shall be void.

16.     <u>Notices</u>. Any notices or documents that are contemplated under this Agreement should be directed to the Parties' respective counsel:

Douglas Lipsky
Milana Dostanitch
LIPSKY LOWE LLP
420 Lexington Avenue, Suite 1830
New York, New York 10170
212.392.4772
doug@lipskylowe.com
milana@lipskylowe.com
*Plaintiffs' Counsel*

Irina Shpigel
SHPIGEL LAW P.C.
7 World Trade Center, 46th Floor
New York, New York 10007
212.390.1913
ishpigel@iselaw.com
*Defendants' Counsel*

17.     <u>Authority and Capacity to Bind.</u> By signing this Agreement, each party represents that they are competent to do so, have the authority to be bound under this Agreement, and intend to be bound by its terms.

18.     <u>Counterparts and Electronic Signatures.</u> This Agreement may be executed in counterparts and, when combined, all counterparts will constitute one complete document. Signatures transmitted by email or fax may be used in lieu of an originally signed Agreement.

19.     <u>Reservation of Jurisdiction.</u> Notwithstanding the dismissal of this Action and, the Court shall retain jurisdiction for purposes of interpreting and enforcing the terms of this Agreement.

20.     <u>Voluntary and Knowing Agreement.</u> Plaintiffs acknowledge that they have voluntarily executed this Agreement. Plaintiffs are advised to obtain the advice of any attorney or other representative of their choice, unrelated to Defendants, prior to executing this Agreement. Plaintiffs acknowledge that they have had the opportunity to obtain legal advice prior to executing this Agreement, or that they knowingly and voluntarily have chosen not to do so. Further, Plaintiffs acknowledge that they have a full understanding of this Agreement's terms.

IN WITNESS WHEREOF, THE PARTIES HAVE EXECUTED THIS AGREEMENT AS OF THE DATES INDICATED BELOW.

Dated: _____, New York
          December __, 2021

Dated: Greenfield Park, New York
          December 22, 2021

DocuSign Envelope ID: FEDDEF9E-D73E-4CDD-A941-006674B2D5A9

KANEX INC. d/b/a GRAND MOUNTAIN HOTEL.

_____
SERGEI RAKHMANIN

ALEX SMUSHKOVICH
_____

Dated: Florida,Hallandale, New York
             December___, 2021
             1/4/2022

By: _____
(On behalf of Kanex Inc. d/b/a Grand
              Mountain Hotel)
Title: PRES _____

_____
NATALIA STEPANOVA

Dated: Greenfield Park New York
            December 22, 2021

_____
ALEX SMUSHKOVICH (As an individual)

Dated: _____, New York
            December __, 2021

_____
SVETLANA LARINA

Dated Greenfield Park, New York
           December 22, 2021

_____
TATYANA RUBANOVICH (As an individual)

_____
SERGEI RAKHMANIN

Dated: _____, New York
        December ___, 2021


_____
NATALIA STEPANOVA


Dated: _____, New York
        December 27, 2021

_____
SVETLANA LARINA


KANEX INC. d/b/a GRAND MOUNTAIN HOTEL.


_____

By: _____
    (On behalf of Kanex Inc. d/b/a Grand
        Mountain Hotel)
Title: _____


Dated: _____, New York
        December ___, 2021


_____
ALEX SMUSHKOVICH (As an individual)


Dated: _____, New York
        December ___, 2021


_____
TATYANA RUBANOVICH (As an individual)

# EXHIBIT B

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 09/20/2019 | ⏱ | Office conference with client Rakhmanin, performed intake, explained contingency fee, explained and translated into Russian the retainer, reviewed client documents.<br>● Unbilled | 01179-Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 4.50h | 300.00 | - | 1,350.00 |
| 09/27/2019 | ⏱ | Teleconference with Rakhmanin about potential claims against his employer.<br>● Unbilled | 01179-Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 1.10h | 300.00 | - | 330.00 |
| 10/10/2019 | ⏱ | Office conference with client Larina, performed intake, explained and translated documents and retainer into Russian.<br>● Unbilled | 01179-Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 3.20h | 300.00 | - | 960.00 |
| 02/03/2020 | ⏱ | Teleconference with Stepanova to confirm operation of Defendants' business operations and waitstaff hours worked.<br>● Unbilled | 01179-Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.60h | 300.00 | - | 180.00 |
| 03/15/2020 | ⏱ | Teleconference with Rakhmanin about Covid-19 office protocols and status of the case (0.2); Teleconference with Stepanova about Covid-19 office protocols and status of the case (0.2); Teleconference with Larina about | 01179-Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| | | | | | **85.90h**<br>0.0h | | **$0.00** | **$26,170.00**<br>85.9h |

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | Covid-19 office protocols and status of the case (0.1)<br>🔵 Unbilled | | | | | | |
| 04/15/2020 | 🕐 | Teleconference with client about his claims.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 08/24/2020 | 🕐 | Teleconference performed intake with Stepnaova, discussed class and collective action, case strategy.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 3.50h | 300.00 | - | 1,050.00 |
| 08/25/2020 | 🕐 | Correspondence with Stepanova about retainer.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 08/27/2020 | 🕐 | Teleconference with client, translated retainer into Russian, explained the terms to Stepanova.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 1.00h | 300.00 | - | 300.00 |
| 08/28/2020 | 🕐 | Received signed retainer from Stepanova.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| | | | | | **85.90h** | | **$0.00**<br>0.0h | **$26,170.00**<br>85.9h |

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | | Tatyana Ruganovich | | | | | |
| 10/02/2020 | 🕐 | Verified complaint with Svetlana Larina.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.40h | 300.00 | - | 120.00 |
| 10/08/2020 | 🕐 | Drafted complaint; emailed Douglas Lipsky with complaint draft.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.50h | 300.00 | - | 150.00 |
| 10/09/2020 | 🕐 | Revise Complaint.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Douglas Lipsky | 2.20h | 400.00 | - | 880.00 |
| 10/15/2020 | 🕐 | Drafted complaint for filing; correspondence with Carmen Espina about drafting summonses and civil cover sheet.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.50h | 300.00 | - | 150.00 |
| 10/19/2020 | 🕐 | Correspondence with D.Lipsky about Court's admission requirement.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| | | | | | **85.90h**<br>0.0h | | **$0.00** | **$26,170.00**<br>85.9h |

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 12/11/2020 | 🕐 | Correspondence with Carmen Espinal about service of process and filing affidavit of service with the Court.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 12/14/2020 | 🕐 | Correspondence with Douglas Lipsky about doing damage calculations because Defendants are interested in settlement.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 12/15/2020 | 🕐 | Attention from opposing counsel about requesting settlement demand.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 12/16/2020 | 🕐 | Created an excel damage calculation for three named plaintiffs.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 1.10h | 300.00 | - | 330.00 |
| 12/16/2020 | 🕐 | Performed damage calculations for three Named Plaintiffs; Teleconference with Natalia Stepanova about stolen service charges and gratuities and lost wages due to retaliation; performed damage calculation; Correspondence with Douglas Lipsky sending him the | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 2.30h | 300.00 | - | 690.00 |
| | | | | | **85.90h** | | **$0.00**<br>0.0h | **$26,170.00**<br>85.9h |

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|--------|------|-------------|--------|------|-----|----------|------------------|--------------|
| | | calculations.<br>🔵 Unbilled | | | | | | |
| 12/16/2020 | 🕐 | Review and analyze damage calculations.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Douglas Lipsky | 0.60h | 400.00 | - | 240.00 |
| 12/16/2020 | 🕐 | Drafted email to opposing counsel with damage calculation totals; correspondence with Douglas Lipsky about the email to opposing counsel.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.50h | 300.00 | - | 150.00 |
| 12/16/2020 | 🕐 | Second draft of email to opposing counsel and correspondence with Douglas Lipsky about damage calculations; emailed damage calculations to opposing counsel.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| 12/17/2020 | 🕐 | Teleconference with Douglas Lipsky about damages; teleconference with opposing counsel about settlement; updated evernote on demand and offer.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.40h | 300.00 | - | 120.00 |
| 12/22/2020 | 🕐 | Attention to email from opposing counsel.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| | | | | | **85.90h** | | **$0.00**<br>0.0h | **$26,170.00**<br>85.9h |

# Activities Export

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | | Tatyana Ruganovich | | | | | |
| 01/05/2021 | 🕐 | Attention to docket and calendar, updated Evernote; spoke to Plaintiffs (Sergey and Natalia) about settlement offer, explained that we are seeking financial documents from Defendants to see their financial situation.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.60h | 300.00 | - | 180.00 |
| 01/05/2021 | 🕐 | Attention to Court Order about initial disclosures, Rule 26(f) conference, Rule 16 conference; Correspondence with Douglas Lipsky about speaking to Plaintiff's about the settlement offer and upcoming deadlines; correspondence with Carmen Espinal to set up initial disclosures.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.50h | 300.00 | - | 150.00 |
| 01/05/2021 | 🕐 | Correspondence with Douglas Lipsky about the status of the case.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 01/06/2021 | 🕐 | Correspondence with Carmen Espinal on status of service on defendants; Teleconference with Douglas Lipsky about service on Defendants; Correspondence with opposing counsel re accepting service; correspondence with | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.30h | 300.00 | - | 90.00 |
| | | | | | **85.90h**<br>0.0h | | **$0.00** | **$26,170.00**<br>85.9h |

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | Douglas Lipsky and Carmen Espinal re filing Affidavit of Service.<br>🔵 Unbilled | | | | | | |
| 01/07/2021 | 🕐 | Drafted email to Douglas Lipsky about status of the case and moving it forward with new Defendant's counsel.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 01/07/2021 | 🕐 | Drafted email to opposing counsel about notice of appearance, adjournment of conferences and Rule 26 conference.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| 01/08/2021 | 🕐 | Correspondence with Douglas Lipsky about Case Management Plan and following up with opposing counsel; attention to email from opposing counsel.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 01/08/2021 | 🕐 | Attention to docket re date of filing of complaint; calendared deadline to serve Defendants; updated evernote on settlement communications with opposing counsel, venue transfer and new attorney.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 01/11/2021 | 🕐 | Drafted correspondence to opposing counsel re accepting | 01179-Rakhmanin Rakhmanin, Stepanova | Milana Dostanitch | 0.60h | 300.00 | - | 180.00 |
| | | | | | **85.90h** | | **$0.00**<br>0.0h | **$26,170.00**<br>85.9h |

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | service, upcoming deadlines and letter motion to court; Teleconference and correspondence with Douglas Lipsky re accepting service, upcoming deadlines and letter motion to court; reviewed deadline to serve Individual Defendants; correspondence with Douglas Lipsky and opposing counsel about transfer of venue; updated evernote.<br>🔵 Unbilled | and Larina v. Kanex Inc. d/ b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | | | | | |
| 01/12/2021 | 🕐 | Drafted stipulation re accepting service for all Defendants; Correspondence with Douglas Lipsky about stipulation; printed, signed, scanned stipulation about accepting service and emailed it to opposing counsel; updated evernote.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/ b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.40h | 300.00 | - | 120.00 |
| 01/12/2021 | 🕐 | Correspondence to opposing counsel re status of letter motion.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/ b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 01/12/2021 | 🕐 | Drafted stipulation to change venue and accepting service; correspondence with Douglas Lipsky and the stipulation; correspondence and teleconference to opposing | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/ b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.60h | 300.00 | - | 180.00 |

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | counsel re sending the unsigned stipulation.<br>🔵 Unbilled | | | | | | |
| 01/12/2021 | 🕐 | Drafted letter motion to Court to transfer venue; correspondence with Douglas Lipksy about the letter motion.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.80h | 300.00 | - | 240.00 |
| 01/12/2021 | 🕐 | Finalized cover letter, combined with propose stipulation to transfer venue and adjourn initial conference, redacted to fix typo; Filed Letter Motion with NDYN.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.50h | 300.00 | - | 150.00 |
| 01/14/2021 | 🕐 | Checked whether the motion has been granted to transfer venue and adjourn initial conference.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 01/15/2021 | 🕐 | Checked docket; reviewed judge's order re EDNY transfer, saved to system; emailed Douglas Lipsky and Carmen about EDNY transfer.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 01/19/2021 | 🕐 | Checked docket on transfer to EDNY; correspondence with Carmen Espinal about filing Notice of Appearance. | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| | | | | | **85.90h** | | **$0.00**<br>0.0h | **$26,170.00**<br>85.9h |

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|--------|------|-------------|--------|------|-----|----------|------------------|--------------|
| | | 🔵 Unbilled | Alex Smushkovich and Tatyana Ruganovich | | | | | |
| 02/11/2021 | 🕐 | Teleconference with client Rakhmanin about status of the case and transfer from NDNY to EDNY.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| 02/26/2021 | 🕐 | Teleconference with client Natalia re status of case.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 02/26/2021 | 🕐 | Analyzed court order and reviewed upcoming deadlines.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 03/12/2021 | 🕐 | Correspondence with opposing counsel about Rile 26(f) conference.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 03/19/2021 | 🕐 | Correspondence with opposing counsel about Rule 26(f) conference.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| | | | | | **85.90h** | | **$0.00**<br>0.0h | **$26,170.00**<br>85.9h |

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|------|------|-------------|--------|------|-----|----------|------------------|--------------|
| 03/24/2021 | 🕐 | Correspondence with opposing counsel scheduling Rule 26(f) conference.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 03/25/2021 | 🕐 | Reviewed docket and Court order; drafted email to D.Lipsky about discovery plan.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.30h | 300.00 | - | 90.00 |
| 03/26/2021 | 🕐 | Teleconference 26(f) with opposing counsel.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.50h | 300.00 | - | 150.00 |
| 03/26/2021 | 🕐 | Reviewed discovery plan and worksheet; correspondence with opposing counsel about discovery plan and worksheet.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| 04/01/2021 | 🕐 | Correspondence with opposing counsel about discovery plan.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 04/01/2021 | 🕐 | Correspondence with opposing counsel and C.Espinal about filing | 01179-Rakhmanin Rakhmanin, Stepanova | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| | | | | | **85.90h** | | **$0.00** | **$26,170.00** |
| | | | | | | | 0.0h | 85.9h |

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | the civil case management plan.<br>🔵 Unbilled | and Larina v. Kanex Inc. d/<br>b/a Grand Mountain Hotel,<br>Alex Smushkovich and<br>Tatyana Ruganovich | | | | | |
| 04/07/2021 | 🕐 | Correspondence with D.Lipsky about covering initial conference on Friday.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 04/14/2021 | 🕐 | Correspondence with client about status of the case.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 04/26/2021 | 🕐 | Correspondence with ADR office about mediator selection.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 04/27/2021 | 🕐 | Attention to court order re discovery schedule.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 04/30/2021 | 🕐 | Correspondence with D.Lipsky about scheduling mediation.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| | | | | | **85.90h** | | **$0.00**<br>0.0h | **$26,170.00**<br>85.9h |

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | | Alex Smushkovich and Tatyana Ruganovich | | | | | |
| 04/30/2021 | 🕐 | Correspondence with mediator about available mediation dates.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 05/03/2021 | 🕐 | Teleconference with client Rakhmanin about mediation; correspondence with D.Lipsky about mediation dates and Rakhmanin's health.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| 05/03/2021 | 🕐 | Correspondence with mediator's office about scheduling mediation.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| 05/04/2021 | 🕐 | Teleconference with Plaintiff Stepanova about mediation; explained the process of mediation and what to expect.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.30h | 300.00 | - | 90.00 |
| 05/05/2021 | 🕐 | Teleconference with D.Lipsky about mediation and status of the case.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| | | | | | **85.90h**<br>0.0h | | **$0.00** | **$26,170.00**<br>85.9h |

# Activities Export

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 05/14/2021 | 🕐 | Teleconference with client Rakhmanin about mediation, contacting Larina and health; correspondence w. D.Lipsky about client's availability for mediation. ● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| 05/19/2021 | 🕐 | Teleconference with Sergey Rakhmanin about his health, mediation and finding plaintiff Larina; drafted correspondence to D.Lipsky and C.Lowe about status of mediation. ● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.30h | 300.00 | - | 90.00 |
| 05/20/2021 | 🕐 | Correspondence with D.Lipsky aboud mediator about reschedulign mediation. ● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| 05/25/2021 | 🕐 | Review mediation deadline; correspondence with D.Lipsky about mediation deadline. ● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 05/25/2021 | 🕐 | Correspondence with client Stepanova about rescheduling mediation. ● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| | | | | | **85.90h** | | **$0.00** 0.0h | **$26,170.00** 85.9h |

# Activities Export

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 05/26/2021 | 🕐 | Left Rakhmanin voicemail about rescheduling mediation.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 06/14/2021 | 🕐 | Teleconference with client Rakhmanin about mediation; correspondence with D.Lipsky about mediation and missing client Larina.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| 06/14/2021 | 🕐 | Review documents; draft mediation statement.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 1.10h | 300.00 | - | 330.00 |
| 06/15/2021 | 🕐 | Draft mediation statement.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 2.10h | 300.00 | - | 630.00 |
| 06/15/2021 | 🕐 | Teleconference with client Larina and Rakhmanin about settlement authority and mediation.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| 06/15/2021 | 🕐 | Drafted mediation statement; performed damage calculations. | 01179-Rakhmanin Rakhmanin, Stepanova | Milana Dostanitch | 4.80h | 300.00 | - | 1,440.00 |
| | | | | | **85.90h** | | **$0.00**<br>0.0h | **$26,170.00**<br>85.9h |

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | 🔵 Unbilled | and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | | | | | |
| 06/16/2021 | 🕐 | Draft mediations statement; correspondence with D.Lispky. 🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.50h | 300.00 | - | 150.00 |
| 06/16/2021 | 🕐 | Revise mediation statement. 🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Douglas Lipsky | 0.70h | 400.00 | - | 280.00 |
| 06/17/2021 | 🕐 | Drafted mediation statement. 🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.90h | 300.00 | - | 270.00 |
| 06/28/2021 | 🕐 | Correspondence with C.Espinal about saving documents to the file. 🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 07/02/2021 | 🕐 | Correspondence with D.Lipsky about status of the case; Teleconference with N. Stepanova about S.Rakhmanin. | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| | | | | | 85.90h | | $0.00<br>0.0h | $26,170.00<br>85.9h |

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | ● Unbilled | Alex Smushkovich and Tatyana Ruganovich | | | | | |
| 07/06/2021 | 🕐 | Teleconference with client Rakhmanin about mediation; correspondence with D.Lipsky about dates for mediation.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| 07/06/2021 | 🕐 | Correspondence with D.Lipsky about mediation dates; correspondence with mediastor and opposing counsel about proposed mediation dates.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 07/07/2021 | 🕐 | Correspondence with opposing counsel about alternative mediation dates.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 07/08/2021 | 🕐 | Correspondence with opposing counsel about mediation dates.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 07/19/2021 | 🕐 | Analyze mediation dates and when the mediation statement is due.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| | | | | | **85.90h** | | **$0.00**<br>0.0h | **$26,170.00**<br>85.9h |

# Activities Export

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 08/02/2021 | 🕐 | Teleconference with client about upcoming mediation.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 08/03/2021 | 🕐 | Teleconference with client Rakhmanin about signing the confidentiality agreement and having client Larina sign it; correspondence with C.Espinal about confidentiality agremenet; drafted confidentiality agreement.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.30h | 300.00 | - | 90.00 |
| 08/04/2021 | 🕐 | Correspondence with C.Espinal about sending out the confidentiality agreement and instructions on how to do it.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.40h | 300.00 | - | 120.00 |
| 08/04/2021 | 🕐 | Teleconference with client about confidentiliaty agreement.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 08/06/2021 | 🕐 | Correspondence with D.Lipsky about sending out the mediation statement to the mediator.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| | | | | | **85.90h**<br>0.0h | | **$0.00** | **$26,170.00**<br>85.9h |

# Activities Export

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 08/10/2021 | 🕐 | Correspondence with opposing counsel and mediator in anticipation of mediation; teleconference with client Rakhmanin and son.<br>● Unbilled | 01179-Rakhmanin, Stepanova and Larina v. Kanex Inc. d/ b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.50h | 300.00 | - | 150.00 |
| 08/10/2021 | 🕐 | Correspondence with client Stepanova and Rakhmanin about mediation preparation and procedure; Reviewed confidentiality agreement with clients.<br>● Unbilled | 01179-Rakhmanin, Stepanova and Larina v. Kanex Inc. d/ b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| 08/17/2021 | 🕐 | Teleconference with client Rakhmanin about cancelation of mediation (0.1); Teleconference with Stepanova about cancelation of mediation (0.1); correspondence with D.Lipsky about discovery produced for mediation and mediation cancellation (0.1).<br>● Unbilled | 01179-Rakhmanin, Stepanova and Larina v. Kanex Inc. d/ b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.30h | 300.00 | - | 90.00 |
| 08/17/2021 | 🕐 | Correspondence with mediator about alternative dates for mediation.<br>● Unbilled | 01179-Rakhmanin, Stepanova and Larina v. Kanex Inc. d/ b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 08/18/2021 | 🕐 | Correspondence with opposing counsel about mediation rescheduling.<br>● Unbilled | 01179-Rakhmanin, Stepanova and Larina v. Kanex Inc. d/ b/a Grand Mountain Hotel, | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| | | | | | 85.90h | | $0.00<br>0.0h | $26,170.00<br>85.9h |

# Activities Export

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | | Alex Smushkovich and Tatyana Ruganovich | | | | | |
| 08/18/2021 | 🕐 | Teleconference with clients Rakhmanin and Stepanova about rescheduling of mediation.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 08/20/2021 | 🕐 | Correspondence with D.Lipsky regarding mediation.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 08/24/2021 | 🕐 | Teleconference with client about the date of mediation.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 08/31/2021 | 🕐 | Correspondence with clients about the new Zoom link; Teleconference with client Stepanova about mediation; correspodnence with D.Lipsky and C.Espinal about confidentiality stipulation.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| 08/31/2021 | 🕐 | Teleconference with Rakhmanin about the mediation; correspondence with mediator about the confidetiality stipulations. | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| | | | | | **85.90h** | | **$0.00**<br>0.0h | **$26,170.00**<br>85.9h |

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|--------|------|-------------|--------|------|-----|----------|------------------|--------------|
| | | ● Unbilled | Tatyana Ruganovich | | | | | |
| 08/31/2021 | 🕐 | Teleconference with client Stepanova to set up for mediation; Attend mediation; Debrief with clients about mediation and next mediation session.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 5.40h | 300.00 | - | 1,620.00 |
| 08/31/2021 | 🕐 | Correspondence with C.Espinal about confidentiality stipulation; correspondence with mediator about the confidetiality stipulation.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 09/09/2021 | 🕐 | Teleconference with client about mediation and case strategy.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 09/24/2021 | 🕐 | Teleconferences with Rakhmanin about Monday's mediation; Teleconferences with Stepanova about Monday's mediation; Correspondece with D.Lipsky about scheduling conflict for client Stepanova.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| 09/27/2021 | 🕐 | Correspondence with D.Lipsky about status of mediation.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| | | | | | **85.90h**<br>0.0h | | **$0.00** | **$26,170.00**<br>85.9h |

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | | Alex Smushkovich and Tatyana Ruganovich | | | | | |
| 09/27/2021 | 🕐 | Teleconference with Rakhmanin to confirm attendance of Larina and explain mediation strategy and status.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| 09/27/2021 | 🕐 | Teleconference with Rakhmnin about an opt-in plaintiff; teleconferece with opt in member for intake; teleconference with D.Lipsky about opt in member.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.50h | 300.00 | - | 150.00 |
| 09/27/2021 | 🕐 | Attend mediation<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 6.00h | 300.00 | - | 1,800.00 |
| 09/28/2021 | 🕐 | Correspondence with mediator about the settlement (0.1); teleconference with clients about the mediation and settlement (0.2); correspondence with D.Lipsky about the mediation and settlement (0.1).<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.40h | 300.00 | - | 120.00 |
| 09/28/2021 | 🕐 | Correspondence with D.Lipsky and mediator about extension of time for settlement. | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/ | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| | | | | | **85.90h**<br>0.0h | | **$0.00** | **$26,170.00**<br>85.9h |

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | 🔵 Unbilled | b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | | | | | |
| 09/29/2021 | 🕐 | Correspondence and teleconference with D.Lipsky and plaintiffs about settlement and mediation. 🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/ b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.50h | 300.00 | - | 150.00 |
| 09/30/2021 | 🕐 | Call client re settlement; correspondence with D.Lipsky; text messages with mediator. 🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/ b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 09/30/2021 | 🕐 | Correspondence with mediator and D.Lipsky about settlement. 🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/ b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| 10/01/2021 | 🕐 | Teleconference with Rakhmaninc. 🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/ b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| 10/01/2021 | 🕐 | Correspondence with mediator and D.Lipsky about settlement. 🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/ b/a Grand Mountain Hotel, Alex Smushkovich and | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |

|  |  |  |  |  | 85.90h | | $0.00 0.0h | $26,170.00 85.9h |

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | | Tatyana Ruganovich | | | | | |
| 10/04/2021 | 🕐 | Teleconference with client about mediation status and conversations with the mediator.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| 10/06/2021 | 🕐 | Correpondence with mediator about settlement discussions.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 10/06/2021 | 🕐 | Correspondence from mediator; correspondence with D.Lipsky about correspondence from mediator.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 10/12/2021 | 🕐 | Correspodnenc with D.Lipsky about settlement negotiations status.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 10/14/2021 | 🕐 | Correspondence with mediator.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| | | | | | **85.90h**<br>0.0h | | **$0.00** | **$26,170.00**<br>85.9h |

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 10/14/2021 | 🕐 | Teleconference with client Rakhmanin about settlement.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 10/14/2021 | 🕐 | Attention to Court Order about settlement confernece with the Court.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 10/14/2021 | 🕐 | Teleconference with mediator Roger Britton.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 10/15/2021 | 🕐 | Correspondence with mediator about the case not setteling.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 10/15/2021 | 🕐 | Draft settlement conference statement (0.1); Analyze judge's rules (0.1); correspondence with D.Lipsky about settlement conference (0.1).<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.30h | 300.00 | - | 90.00 |
| 10/15/2021 | 🕐 | Office conference with D.Lipsky about confidential settlment | 01179-Rakhmanin Rakhmanin, Stepanova | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| | | | | | **85.90h** | | **$0.00** | **$26,170.00** |
| | | | | | | | 0.0h | 85.9h |

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | statement to the Magistrate Judge and Plaintiff's damages.<br>● Unbilled | and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | | | | | |
| 10/18/2021 | 🕐 | Conduct updated damage calculations (0.9; draft Exhibit B to settlement statement (0.6).<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 1.50h | 300.00 | - | 450.00 |
| 10/18/2021 | 🕐 | Draft confidential settlement statement for the Court.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 2.30h | 300.00 | - | 690.00 |
| 10/18/2021 | 🕐 | Correspondence with mediator about settlement offer.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 10/18/2021 | 🕐 | Office conference with D.Lipsky about new settlement offer.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 10/18/2021 | 🕐 | Correspondence with clients about settlement conference.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| | | | | | **85.90h**<br>0.0h | | **$0.00** | **$26,170.00**<br>85.9h |

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | | Alex Smushkovich and Tatyana Ruganovich | | | | | |
| 10/18/2021 | ⏱ | Draft settlement statement and damages (1.7); teleconference with clients about settlement conference (0.3); correspondence and office conference with D.Lipsky about settlement statement, damages and clients (0.1).<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 2.10h | 300.00 | - | 630.00 |
| 10/18/2021 | ⏱ | Teleconference with client about upcoming mediation with Judge Bulsara.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| 10/19/2021 | ⏱ | Teleconferences with plaintiffs about settlement, court settlement conference and rescheduling of the settlement conference.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.60h | 300.00 | - | 180.00 |
| 10/19/2021 | ⏱ | Correspondence with D.Lipsky about mediation rescheduling.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 10/19/2021 | ⏱ | Teleconference with client Rakhmanin about settlement offer and adjournment of court | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/ | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| | | | | | **85.90h** | | **$0.00**<br>0.0h | **$26,170.00**<br>85.9h |

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|--------|------|-------------|--------|------|-----|----------|------------------|--------------|
| | | conference.<br>● Unbilled | b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | | | | | |
| 10/19/2021 | 🕐 | Correspondence with client Stepanova about settlement offer and adjournment of court conference.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/ b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 10/20/2021 | 🕐 | Teleconference with clients about settlement; correspondence with D.Lipsky about settlement.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/ b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| 10/20/2021 | 🕐 | Correspondence with D.Lipsky about status of the case.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/ b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 11/01/2021 | 🕐 | Teleconfernece with client about status of the case.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/ b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 11/05/2021 | 🕐 | Teleconference with client about status of the case.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/ b/a Grand Mountain Hotel, Alex Smushkovich and | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| | | | | | **85.90h** | | **$0.00**<br>0.0h | **$26,170.00**<br>85.9h |

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | | Tatyana Ruganovich | | | | | |
| 11/30/2021 | 🕐 | Teleconfernece with Rakhmanin (0.1); teleconference with Stepanova (0.1); correspondence with D.Lipsky about contact information for plaintiffs (0.1). ● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/ b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.30h | 300.00 | - | 90.00 |
| 11/30/2021 | 🕐 | Teleconference with opposing counsel about settlement (0.2); correspondence with D.Lipsky about settlement (0.1). ● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/ b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.30h | 300.00 | - | 90.00 |
| 11/30/2021 | 🕐 | Teleconference with Plaintiffs about settlement. ● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/ b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.40h | 300.00 | - | 120.00 |
| 11/30/2021 | 🕐 | Teleconferences with Plaintiffs about settlement (0.3); correspondence with D.Lipsky about settlement (0.1); correspondence with opposing counsel about settlement (0.1); correspondence with chambers about settlement (0.1). ● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/ b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.60h | 300.00 | - | 180.00 |
| 12/07/2021 | 🕐 | Teleconfereces with client about status of settlement. ● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/ | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| | | | | | 85.90h | | $0.00 | $26,170.00 |
| | | | | | | | 0.0h | 85.9h |

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | | b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | | | | | |
| 12/07/2021 | 🕐 | Draft settlement agreement.<br>● Unbilled | 01179-Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 1.40h | 300.00 | - | 420.00 |
| 12/10/2021 | 🕐 | Draft settlement agreement (0.4); correspondence with opposing counsel about the settlement agreement (0.1).<br>● Unbilled | 01179-Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.50h | 300.00 | - | 150.00 |
| 12/13/2021 | 🕐 | Drafted motion for settlement approval.<br>● Unbilled | 01179-Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 2.90h | 300.00 | - | 870.00 |
| 12/13/2021 | 🕐 | Draft motion for settlement approval<br>● Unbilled | 01179-Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.60h | 300.00 | - | 180.00 |
| 12/13/2021 | 🕐 | Correspondence with opposing counsel about settlement agreement.<br>● Unbilled | 01179-Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| | | | | | **85.90h** | | **$0.00**<br>0.0h | **$26,170.00**<br>85.9h |

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | | Tatyana Ruganovich | | | | | |
| 12/15/2021 | 🕐 | Teleconference with Rakhmanin about settlement agreement (0.1).<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| 12/15/2021 | 🕐 | Draft settlement agreement.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| 12/15/2021 | 🕐 | Correspondence with C.Espinal about sending out settlement agreements.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 12/16/2021 | 🕐 | Draft motion for settlement approval (0.3); Correspondence with opposing counsel (0.1).<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.40h | 300.00 | - | 120.00 |
| 12/16/2021 | 🕐 | Teleconference with Rakhmanin about settlement payment split via w-2 or 1099.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| | | | | | **85.90h**<br>0.0h | | **$0.00** | **$26,170.00**<br>85.9h |

# Activities Export

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 12/16/2021 | 🕐 | Teleconference with Stepanova about w-2 and 1099 payments.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 12/16/2021 | 🕐 | Correspondence with D.Lipsky about the settlement agreement and 1099 and w-2 payments.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 12/17/2021 | 🕐 | Draft settlement agreement (0.2); perform damage calculations (0.4).<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.60h | 300.00 | - | 180.00 |
| 12/17/2021 | 🕐 | Correspondence with opposing counsel about settlement agreement.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 12/20/2021 | 🕐 | Draft settlement agreement (0.1); correspondence with opposing counsel about settlement agreement (0.1).<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| 12/20/2021 | 🕐 | Correspondence with opposing counsel and D.Lipsky about edits | 01179-Rakhmanin Rakhmanin, Stepanova | Milana Dostanitch | 1.00h | 300.00 | - | 300.00 |
| | | | | | **85.90h** | | **$0.00**<br>0.0h | **$26,170.00**<br>85.9h |

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| | | to settlement agreement and letter to Court requesting adjournment of deadline to file motion for settlement approval (0.5); drafted letter to Court (0.4); drafted settlement agreement (0.2); teleconference with Rakhmanin about settlement agreement (0.1). <br> 🔵 Unbilled | and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | | | | | |
| 12/20/2021 | 🕐 | Review settlement agreement. <br> 🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Douglas Lipsky | 0.50h | 400.00 | - | 200.00 |
| 12/22/2021 | 🕐 | Correspondence with opposing counsel about settlement agrement; correspondence with C.Espinal about mailing out the settlement agreement. <br> 🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 12/22/2021 | 🕐 | Teleconference with Rakhmanin that new settlement agreement is coming in the mail. <br> 🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 12/27/2021 | 🕐 | Teleconference with client Rakhmanin about settlement agreement. <br> 🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| | | | | | **85.90h** <br> 0.0h | | **$0.00** <br> 0.0h | **$26,170.00** <br> 85.9h |

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|--------|------|-------------|--------|------|-----|----------|------------------|--------------|
| | | | Tatyana Ruganovich | | | | | |
| 01/04/2022 | 🕐 | Correspondence with opposing counsel about motion for settlement approval.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 01/04/2022 | 🕐 | Correspondence with C. Espinal about getting settlement agreement signed by Plaintiff Stepanova.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 01/04/2022 | 🕐 | Teleconference with Rakhmanin about signed settlement agreement.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 01/04/2022 | 🕐 | Correspondence and text messages with Stepanova who did not get the settlement agreement; sent out the settlement agreement.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 01/07/2022 | 🕐 | Analyze docket for deadline to file motion for settlement approval (0.1).<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| | | | | | **85.90h**<br>0.0h | | **$0.00**<br>0.0h | **$26,170.00**<br>85.9h |

# Activities Export

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 01/10/2022 | ⏱ | Correspondence with opposing counsel about status of the motion for settlement approval.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 01/11/2022 | ⏱ | Correspondence with client Stepanova about timing of settlement payments.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 01/11/2022 | ⏱ | Correspondence with D.Lipsky about the motion for settlement approval.<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 01/12/2022 | ⏱ | Draft motion for settlement approvcal (0.6); Correpondence with D.Lipsky about motion for settlement approval (0.1).<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.60h | 300.00 | - | 180.00 |
| 01/13/2022 | ⏱ | Draft motion for settlement approval adding in clause for nondisparagement language (0.2); correspondence with D.Lipsky about motion for settlement approval (0.1); correspondence with opposing counsel about edits to motion for settlement approval (0.1). | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.40h | 300.00 | - | 120.00 |
| | | | | | **85.90h**<br>0.0h | | **$0.00** | **$26,170.00**<br>85.9h |

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|--------|------|-------------|--------|------|-----|----------|------------------|--------------|
| | | 🔵 Unbilled | | | | | | |
| 01/19/2022 | 🕐 | Correspondence with opposing counsel about the motion for settlement approval.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 01/19/2022 | 🕐 | Attention to time records for the motion for settlement approval (0.5); Correspondence with opposing counsel about motion for settlement approval (0.1).<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.60h | 300.00 | - | 180.00 |
| 01/19/2022 | 🕐 | Correspondence wtih C.Espinal about motion for settlement approval.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 01/19/2022 | 🕐 | Scan settlement agreements signed by Plaintiff Larina and Rakhmanin.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| 01/19/2022 | 🕐 | Correspondence with C.Espinal about exhibits for the motion for settlement approval.<br>🔵 Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.20h | 300.00 | - | 60.00 |
| | | | | | **85.90h**<br>0.0h | | **$0.00** | **$26,170.00**<br>85.9h |

| Date ▲ | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 01/19/2022 | ⊙ | Draft motion for settlement approval (0.6). ● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.60h | 300.00 | - | 180.00 |
| 01/19/2022 | ⊙ | Correspondence with D.Lipsky and C.Espinal about motion for settlement approval. ● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Milana Dostanitch | 0.10h | 300.00 | - | 30.00 |
| | | | | | **85.90h** | | **$0.00** | **$26,170.00** |
| | | | | | | | 0.0h | 85.9h |

# EXHIBIT C

DocuSign Envelope ID: 11A9D7E2-F9C4-48C8-9D06-03314E80647F



Douglas B. Lipsky

420 Lexington Avenue, Suite 1830
New York, New York 10170
Main: 212.392.4772
Direct: 212.444.1024
Fax: 212.444.1030
doug@lipskylowe.com

www.lipskylowe.com

July 9, 2021

<u>VIA EMAIL (</u> ███████████████ <u>& DOCUSIGN</u>



Re:      <u>Engagement Letter Agreement</u>

Dear ████████

Thank you for selecting Lipsky Lowe LLP to represent ███████████ This Engagement Letter Agreement confirms the terms of our attorney-client relationship, subject to our duties of professional responsibility.

1.      <u>Scope of Engagement.</u>  You have retained the Firm to represent ████████ ███████████████████████████████████████ (the "Matter"). The terms of this Agreement will govern any subsequent matters for which you retain the Firm, unless otherwise communicated.

2.      <u>Fees, Costs and Billing.</u>

The fees and costs for the Matter are unpredictable. Any fees and costs we might have previously discussed are therefore only estimates.

a.      It is agreed that you will compensate us for services based on the time devoted to the Matter at the hourly rates this Firm charges: my hourly rate is $600; Milana Dostanich and Sara Isaacson's (Senior Associates) rate is $375; Alfons D'Auria's (Junior Associate) rate is $300; and our paralegal's rate is $115. We will advise you prior to any rate changes. We will bill you for support services, such as postage and filing fees.

b.      Invoices are normally sent to you each month and reflect the services and costs incurred the previous month. Payment is due promptly upon receipt. We are entitled to assess a late charge of 2.0% per month on any outstanding balance older than 60 calendar days.

Initial Here: ___████████_____

DocuSign Envelope ID: 11A9D7E2-F9C4-48C8-9D06-03314E80647F



3. <u>Replenishing Retainer.</u>  The Firm's representation will commence when we receive a $10,000 retainer. These funds will be deposited in our client trust account, and we will draw against these funds to satisfy our monthly invoices, copies of which will be sent to you for your information. Upon depleting all or any portion of the retainer, we will so advise you, and you agree to pay any and all amounts you owe that are in excess of the depleted retainer (if applicable) and to restore the retainer to the amount provided hereinabove.

4. <u>Termination of Representation.</u>

a. Either of us may terminate this Agreement at any time for any reason by written notice (including by email). The Firm is subject to applicable rules of professional conduct when terminating a client engagement. If we terminate the engagement, the Firm will take all reasonable and practical steps to protect your interests in the Matter and, at your request, suggest possible new counsel.

b. Subject to the applicable rules of professional conduct, if you terminate this Agreement prior to the matter being resolved, you remain responsible for fees and costs to date in the matter.

5. <u>Authority to Bind.</u>  By signing this Agreement, you are confirming you have the authority to bind LMD Residential, Inc. to the terms of this Agreement.

6. <u>Disposition of Files and Records.</u>  We will retain our own files pertaining to the Matter, including material prepared by or for the internal use of our attorneys. The Firm has internal policies that determine the retention periods for closed files. You understand and acknowledge that the Firm utilizes Internet cloud-based methods of document storage and related systems (*e.g.*, Dropbox), and you hereby agree that such methods are acceptable to you, and you disclaim any rights or remedies you may have with respect to any failure of such methods not due to the negligence or misconduct of the Firm.

7. <u>Communication.</u>  Either at the beginning or during representation, we might express opinions or beliefs concerning the Matter and the results that might be anticipated. Any such statement made by us is an expression of opinion only; it is not a promise or guarantee of results.

8. <u>Statement of Client's Rights and Responsibilities (Enclosures).</u>  Enclosed with this Agreement are the Statement of Client's Rights and Statement of Client's Responsibilities. All New York-based attorneys are legally required to provide these documents to their clients.

Initial Here: 

DocuSign Envelope ID: 11A9D7E2-F9C4-48C8-9D06-03314E80647F



9.      Arbitration

Any dispute over fees and/or costs (a "Dispute") will be submitted to and settled exclusively by binding arbitration, in accordance with the provisions of this Paragraph, subject only to any applicable requirement of law that the parties engage in a preliminary non-binding mediation or arbitration regarding fee disputes. Binding arbitration shall be conducted in accordance with the Judicial Arbitration and Mediation Service Streamlined Rules & Procedures (the "JAMS Rules") and governed under New York law. Arbitration shall be held in the County of New York, Borough of Manhattan, before an arbitrator selected pursuant to the JAMS Rules who will have no personal or pecuniary interest, either directly or indirectly, from any business or family relationship with either of the parties. All decisions of the arbitrator will be final, binding, and conclusive on the parties.

The parties will equally share the costs of the arbitrator and the arbitration fee (if any). Each party will bear that party's own attorneys' fees and costs, and the prevailing party will not be entitled to reimbursement by the other party of any of its fees or costs incurred in connection with the arbitration hereunder, regardless of any rule to the contrary in the applicable arbitration rules. Either party may seek confirmation of the arbitration award in the Supreme Court of the State of New York in New York County, and each party hereby consents to the exclusive jurisdiction and venue of the Supreme Court of the State of New York, in New York County in any claim or action arising hereunder. By signing this Agreement containing this provision, you agree to waive any and all rights to a jury trial regarding any Dispute. You also waive your rights under Part 137 of the Rules of the Chief Administrator of the Courts of New York to mediate and/or arbitrate any fee dispute if the fee is between $1,000 and $50,000 and to commence an action for review in a court of competent jurisdiction if the award aggrieves you.

By entering into agreements that require arbitration as the way to resolve fee disputes, you give up (i.e., waive) your right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration.

Initial Here

DocuSign Envelope ID: 11A9D7E2-F9C4-48C8-9D06-03314E80647F



Please confirm your approval of this Agreement by returning to us a signed and initialed copy via DocuSign. If you have any questions, or if this Agreement does not accurately set forth our arrangement, please let me know.

Very truly yours,
LIPSKY LOWE LLP


s/ Douglas B. Lipsky
Douglas B. Lipsky

Enclosures


AGREED AND ACCEPTED:

7/9/2021
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
(Date)


Initial Here: _____



Douglas B. Lipsky

420 Lexington Avenue, Suite 1830
New York, New York 10170
Main:  212.392.4772
Direct:  212.444.1024
Fax:  212.444.1030
doug@lipskylowe.com

www.lipskylowe.com

July 21, 2020

<u>VIA EMAIL</u>



Re:      <u>Engagement Letter Agreement</u>

Dear Thomas and Charles:

Thank you for selecting Lipsky Lowe LLP to represen███████████and you. This Engagement Letter Agreement confirms the terms of our attorney-client relationship.

1.      <u>Scope of Engagement.</u>   You have retained the Firm to represent ███ ██████████████████████████████████████████████████████ ████████████ (the "Matter"). The Firm's primary role in the Matter is to serve as local counsel. The terms of this Agreement will govern any subsequent matters for which you retain the Firm, unless otherwise communicated.

2.      <u>Fees, Costs and Billing.</u>

The fees and costs for the Matter are unpredictable. Any fees and costs we might have previously discussed are therefore only estimates.

a.      It is agreed that you will compensate us for services based on the time devoted to the Matter at the hourly rates this Firm charges: my hourly rate is $650; Milana Dostanich and Sara Isaacson's (Associates) is $375; and Lynette Garcia's (Paralegal) rate is $85. These rates may change from time-to-time. We will advise you prior to any rate changes. We will bill you for support services, such as postage and messenger service.

b.      Invoices are normally sent to you each month and reflect the services and costs incurred the previous month. Payment is due promptly upon receipt.

Initial Here: ███████  _____



We are entitled to assess a late charge of 2.0% per month on any outstanding balance older than 60 calendar days.

      3.   <u>Replenishing Retainer.</u>  The Firm's representation will commence when we receive a $5,000 retainer. These funds will be deposited in our client trust account, and we will draw against these funds to satisfy our monthly invoices, copies of which will be sent to you for your information. Upon depleting all or any portion of the retainer, we will so advise you, and you agree to pay any and all amounts you owe that are in excess of the depleted retainer (if applicable) and to restore the retainer to the amount provided hereinabove.

      4.   <u>Termination of Representation.</u>

      a.   Either of us may terminate this Agreement at any time for any reason by written notice (including by email). The Firm is subject to applicable rules of professional conduct when terminating a client engagement. If we terminate the engagement, the Firm will take all reasonable and practical steps to protect your interests in the Matter and, at your request, suggest possible new counsel.

      b.   Subject to the applicable rules of professional conduct, if you terminate this Agreement prior to the matter being resolved, you remain responsible for fees and costs to date in the matter.

      c.   Authority to Bind.  By signing this Agreement, you are confirming you have the authority to bind Kokua to the terms of this Agreement.

      5.   <u>Disposition of Files and Records.</u>  We will retain our own files pertaining to the Matter, including material prepared by or for the internal use of our attorneys. The Firm has internal policies that determine the retention periods for closed files. You understand and acknowledge that the Firm utilizes Internet cloud-based methods of document storage and related systems (*e.g.*, Dropbox), and you hereby agree that such methods are acceptable to you, and you disclaim any rights or remedies you may have with respect to any failure of such methods not due to the negligence or misconduct of the Firm.

      6.   <u>Communication.</u>  Either at the beginning or during representation, we might express opinions or beliefs concerning the Matter and the results that might be anticipated. Any such statement made by us is an expression of opinion only; it is not a promise or guarantee of results.

      7.   <u>Statement of Client's Rights and Responsibilities (Enclosures).</u>  Enclosed with this Agreement are the Statement of Client's Rights and Statement of Client's Responsibilities. All New York-based attorneys are legally required to provide these documents to their clients.

Initial Here: _____

 
8.     <u>Arbitration</u>

Any dispute over fees and/or costs (a "Dispute") will be submitted to and settled exclusively by binding arbitration, in accordance with the provisions of this Paragraph, subject only to any applicable requirement of law that the parties engage in a preliminary non‑binding mediation or arbitration regarding fee disputes. Binding arbitration shall be conducted in accordance with the Judicial Arbitration and Mediation Service Streamlined Rules & Procedures (the "JAMS Rules") and governed under New York law. Arbitration shall be held in the County of New York, Borough of Manhattan, before an arbitrator selected pursuant to the JAMS Rules who will have no personal or pecuniary interest, either directly or indirectly, from any business or family relationship with either of the parties. All decisions of the arbitrator will be final, binding, and conclusive on the parties.

The parties will equally share the costs of the arbitrator and the arbitration fee (if any). Each party will bear that party's own attorneys' fees and costs, and the prevailing party will not be entitled to reimbursement by the other party of any of its fees or costs incurred in connection with the arbitration hereunder, regardless of any rule to the contrary in the applicable arbitration rules. Either party may seek confirmation of the arbitration award in the Supreme Court of the State of New York in New York County, and each party hereby consents to the exclusive jurisdiction and venue of the Supreme Court of the State of New York, in New York County in any claim or action arising hereunder. By signing this Agreement containing this provision, you agree to waive any and all rights to a jury trial regarding any Dispute. You also waive your rights under Part 137 of the Rules of the Chief Administrator of the Courts of New York to mediate and/or arbitrate any fee dispute if the fee is between $1,000 and $50,000 and to commence an action for review in a court of competent jurisdiction if the award aggrieves you.

By entering into agreements that require arbitration as the way to resolve fee disputes, you give up (i.e., waive) your right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration.

Initial Here: _____ 




Please confirm your approval of this Agreement by returning to us a signed and initialed copy. If you have any questions, or if this Agreement does not accurately set forth our arrangement, please let me know.

Very truly yours,
LIPSKY LOWE LLP


<u>s/ Douglas B. Lipsky</u>
Douglas B. Lipsky

Enclosures


AGREED AND ACCEPTED:

████████████████████████████████████████

7/27/2020
_____
(Date)


AGREED AND ACCEPTED:

████████████████████████████████████████

7/27/2020
_____
(Date)


Initial Here: _____ ████████

DocuSign Envelope ID: DF19F3DA-CBFD-49FE-AEEA-E718A5B58AA7



Douglas B. Lipsky

420 Lexington Avenue, Suite 1830
New York, New York 10170
Main: 212.392.4772
Direct: 212.444.1024
Fax: 212.444.1030
doug@lipskylowe.com

www.lipskylowe.com

September 26, 2019

<u>VIA DOCUSIGN & EMAIL</u> ██████████

Re:     <u>Engagement Letter Agreement</u>

Dear ████:

Thank you for selecting Lipsky Lowe LLP to represent you. This Engagement Letter Agreement ("Agreement") confirms the terms of our attorney-client relationship.

1.     <u>Scope of Engagement.</u>  You have retained the Firm to ████ (the "Matter").

2.     <u>Fees, Costs and Billing.</u>  The fees and costs for the Matter are unpredictable. Any fees and costs we might have previously discussed are therefore only estimates.

     a.     It is agreed that you will compensate us for services based on the time devoted to the Matter at the hourly rates this Firm charges: my hourly rate is $650; Sara Issacson's (Associate) is $350; and our paralegal's rate is $85. These rates may change from time-to-time. We will advise you prior to any rate changes. I will have primary responsibility for your matter.

     b.     We will bill you for support services, such as postage and messenger service. Invoices are normally sent to you each month and reflect the services and costs incurred the previous month. Payment is due promptly upon receipt. We are entitled to assess a late charge of 2.0% per month on any outstanding balance older than 60 calendar days.

3.     <u>Termination of Representation</u>

     a.     Either of us may terminate this Agreement at any time for any reason by written notice (including by email). The Firm is subject to applicable rules of professional conduct when terminating a client engagement. If we terminate the

Initial Here: ████

DocuSign Envelope ID: DF19F3DA-CBFD-49FE-AEEA-E718A5B58AA7





engagement, the Firm will take all reasonable and practical steps to protect your interests in the Matter and, at your request, suggest possible new counsel.

b.      Subject to the applicable rules of professional conduct, if you or the Firm terminate this Agreement prior to the Matter being resolved, you remain responsible for fees and costs to date.

4.      <u>Disposition of Files and Cloud-Based Storage</u>

a.      We will retain our own files pertaining to the Matter, including material prepared by or for the internal use of our attorneys. The Firm has internal policies that determine the retention periods for closed files.

b.      You understand and acknowledge that the Firm utilizes Internet cloud-based methods of document storage and related systems (*e.g.*, Dropbox), and you hereby agree that such methods are acceptable to you, and you disclaim any rights or remedies you may have with respect to any failure of such methods not due to the negligence or misconduct of the Firm.

5.      <u>Communication.</u>  Either at the beginning or during representation, we might express opinions or beliefs concerning the Matter and the results that might be anticipated. Any such statement made by us is an expression of opinion only; it is not a promise or guarantee of results. Also, by signing this, you are consenting to this Firm emailing you future marketing materials.

6.      <u>Statement of Client's Rights and Responsibilities (Enclosures).</u>  Enclosed with this Agreement are the Statement of Client's Rights and Statement of Client's Responsibilities. All New York-based attorneys are legally required to provide these documents to their clients.

7.      <u>Arbitration.</u>  Any dispute over fees and/or costs (a "Dispute") will be submitted to and settled exclusively by binding arbitration, in accordance with the provisions of this Paragraph, subject only to any applicable requirement of law that the parties engage in a preliminary non-binding mediation or arbitration regarding fee disputes. Binding arbitration shall be conducted in accordance with the Judicial Arbitration and Mediation Service Streamlined Rules & Procedures (the "JAMS Rules") and governed under New York law. Arbitration shall be held in the County of New York, Borough of Manhattan, before an arbitrator selected pursuant to the JAMS Rules who will have no personal or pecuniary interest, either directly or indirectly, from any business or family relationship with either of the parties. All decisions of the arbitrator will be final, binding, and conclusive on the parties.

The parties will equally share the costs of the arbitrator and the arbitration fee (if any). Each party will bear that party's own attorneys' fees and costs, and the prevailing party will not be entitled to reimbursement by the other party of a___ fee__ or costs

Initial Here

DocuSign Envelope ID: DF19F3DA-CBFD-49FE-AEEA-E718A5B58AA7





incurred in connection with the arbitration hereunder, regardless of any rule to the contrary in the applicable arbitration rules. Either party may seek confirmation of the arbitration award in the Supreme Court of the State of New York in New York County, and each party hereby consents to the exclusive jurisdiction and venue of the Supreme Court of the State of New York, in New York County in any claim or action arising hereunder. By signing this Agreement containing this provision, you agree to waive any and all rights to a jury trial regarding any Dispute. You also waive your rights under Part 137 of the Rules of the Chief Administrator of the Courts of New York to mediate and/or arbitrate any fee dispute if the fee is between $1,000 and $50,000 and to commence an action for review in a court of competent jurisdiction if the award aggrieves you.

By entering into agreements that require arbitration as the way to resolve fee disputes, you give up (i.e., waive) your right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration.

Please confirm your approval of this Agreement by signing and returning a duplicate copy. If you have any questions, or if this Agreement does not accurately set forth our arrangement, please let me know.

Very truly yours,
LIPSKY LOWE LLP


s/ Douglas B. Lipsky
Douglas B. Lipsky

Enclosures


AGREED AND ACCEPTED:

_____

9/26/2019
_____
(Date)




Initial Here: _____

DocuSign Envelope ID: 861EF81E-6DEC-475C-9E02-34B0E15A11A2



Douglas B. Lipsky

420 Lexington Avenue, Suite 1830
New York, New York 10170
Main: 212.392.4772
Direct: 212.444.1024
Fax: 212.444.1030
doug@lipskylowe.com

www.lipskylowe.com

October 18, 2021

<u>VIA EMAIL</u> ███████████ <u>& DOCUSIGN</u>



Re:     Engagement Letter Agreement

Dear ████:

Thank you for selecting Lipsky Lowe LLP (the "Firm") to represent you. This Engagement Letter Agreement sets forth the terms of our attorney-client relationship.

1.     <u>Scope of Engagement.</u>
You have retained the Firm to advise you ██████████████ ████████████████████ (the "Matter").

2.     <u>Fees, Costs and Billing.</u>

The fees and costs for the Matter are unpredictable. Any fees and costs we might have previously discussed are therefore only estimates.

a.     It is agreed that you will compensate us for services based on the time devoted to the Matter at the hourly rates this Firm charges: my hourly rate is $650; Senior Associate rate is $450; Mid-year Associate rate is $375 Junior Associate Rate is $300; and our paralegal's rate is $100. These rates may change from time-to-time. We will advise you prior to any rate changes. We will bill you for support services, such as postage and messenger service. I will have primary responsibility for your matter.

b.     Invoices are normally sent to you each month and reflect the services and costs incurred the previous month. Payment is due promptly upon receipt. We are entitled to assess a late charge of 2.0% per month on any outstanding balance older than 60 calendar days.

3.     <u>Replenishing Retainer.</u>

Initial Here: ████████

DocuSign Envelope ID: 861EF81E-6DEC-475C-9E02-34B0E15A11A2





The Firm's representation will commence when we receive a $3,500.00 retainer. These funds will be deposited in our client trust account, and we will draw against these funds to satisfy our monthly invoices, copies of which will be sent to you for your information. Upon depleting all or any portion of the retainer, we will so advise you, and you agree to pay any and all amounts you owe that are in excess of the depleted retainer (if applicable) and to restore the retainer to the amount provided hereinabove.

4.    Client Files and Records.
        You understand and acknowledge the Firm utilizes Internet cloud-based methods of document storage and related systems, and you hereby agree that such methods are acceptable to you, and you disclaim any rights or remedies you may have with respect to any failure of such methods not due to the negligence or misconduct of the Firm.

5.    Communications about your Matter.
        Any opinions or beliefs we have expressed or will express about the Matter are just that: an opinion. We cannot guarantee any outcome in the Matter.

6.    Statement of Client's Rights and Responsibilities (Enclosures).
        Enclosed with this Agreement are the Statement of Client's Rights and Statement of Client's Responsibilities. All New York-based attorneys are required to provide their clients with these documents.

7.    Dispute Resolution.
        In the unlikely event that any dispute should arise between you and the Firm concerning our fees and expenses or the performance of our professional responsibilities, any such dispute shall be submitted to binding arbitration pursuant to the applicable rules of the American Arbitration Association and shall be governed under New York law. In addition to any amounts awarded on the merits, the prevailing party in such arbitration shall be entitled to recover the reasonable value of the attorney services (including the Firm's own time) and costs in connection with said arbitration. Any such arbitration shall be conducted in the Borough of Manhattan in New York, before one arbitrator and in the English language. Either party may seek confirmation of the arbitration award in the Supreme Court of the State of New York in New York County, and each party hereby consents to the exclusive jurisdiction and venue of the Supreme Court of the State of New York, in New York County with respect to same. By signing this Agreement containing this provision, you agree to waive any and all rights to a jury trial regarding any such dispute.

Initial Here: _ 

DocuSign Envelope ID: 861EF81E-6DEC-475C-9E02-34B0E15A11A2

 

8.      Executing the Agreement.
        Please confirm your approval of this Agreement by signing it and initialing each page via DocuSign. If you have any questions, or if this Agreement does not accurately set forth our arrangement, please let me know.

        We look forward to working with you.

                        Very truly yours,
                        LIPSKY LOWE LLP


                        s/ Douglas B. Lipsky
                        Douglas B. Lipsky


Enclosures


AGREED AND ACCEPTED:



10/21/2021
_____
(Date)


Initial Here: _



Douglas B. Lipsky

630 Third Avenue, Fifth Floor
New York, New York 10017
Main: 212.392.4772
Direct: 212.444.1024
Fax: 212.444.1030
doug@lipskylowe.com

www.lipskylowe.com

July 28, 2021

<u>VIA EMAIL</u> ███████████████ & DOCUSIGN
████████████████

Re:     <u>Engagement Letter Agreement</u>

Dear ████

Thank you for selecting Lipsky Lowe LLP to represent you. This Engagement Letter Agreement ("Agreement") confirms the terms of our attorney-client relationship.

1.     <u>Scope of Engagement.</u>  You have retained the Firm to represent you in the lawsuit ████████████████████████████████████ New York ("the "Matter").

2.     <u>Fees, Costs and Billing.</u>  The fees and costs for the Matter are unpredictable. Any fees and costs we might have previously discussed are therefore only estimates.

a.     It is agreed that you will compensate us for services based on the time devoted to the Matter at the hourly rates this Firm charges: my hourly rate is $625; Chris Lowe's (Partner) is $635; Senior Associates are $375; Junior Associates are $325 and our paralegal's rate is $115. We will advise you prior to any rate changes. We will bill you for support services, such as postage, photocopies ($.10/page) and messenger service.

b.     Invoices are normally sent to you each month and reflect the services and costs incurred the previous month. Payment is due promptly upon receipt. We are entitled to assess a late charge of 2.0% per month on any outstanding balance older than 60 calendar days.

3.     <u>Replenishing Retainer.</u>  The Firm's representation will not commence until we receive a $25,000 retainer. These funds will be deposited in our client trust account, and we will draw against these funds to satisfy our monthly invoices, copies of which will be sent to you for your information. We will advise you upon depleting all or any portion of the retainer, and you agree to pay any and all amounts you owe that are in excess of the depleted retainer (if applicable). When the retainer is at $5,000, you agree to replenish it back to $25,000. You understand that failing to adhere to this paragraph will be a basis for the Firm to withdraw as your counsel.

Initial Here: ___ ███████

DocuSign Envelope ID: 0676A889-3E48-4D56-A9D7-38107151314B



4.    Termination of Representation

a.    Either of us may terminate this Agreement at any time for any reason by written notice (including by email). The Firm is subject to applicable rules of professional conduct when terminating a client engagement. If we terminate the engagement, the Firm will take all reasonable and practical steps to protect your interests in the Matter and, at your request, suggest possible new counsel.

b.    Subject to the applicable rules of professional conduct, if you or the Firm terminate this Agreement prior to the Matter being resolved, you remain responsible for fees and costs to date.

c.    The Firm's representation of you on the Matter does not bind the Firm to representing you in any appeal. The Firm retains sole discretion, subject to applicable rules of professional conduct, in deciding whether to represent you in such instance; if you wish to pursue an appeal or oppose an appeal, and the Firm agrees to represent you in such appeal, the terms of this Agreement shall continue to be binding.

5.    Disposition of Files and Cloud-Based Storage

a.    We will retain our own files pertaining to the Matter, including material prepared by or for the internal use of our attorneys. The Firm has internal policies that determine the retention periods for closed files.

b.    You understand and acknowledge that the Firm utilizes Internet cloud-based methods of document storage and related systems (*e.g.*, Dropbox), and you hereby agree that such methods are acceptable to you, and you disclaim any rights or remedies you may have with respect to any failure of such methods not due to the negligence or misconduct of the Firm.

6.    Communication.    Either at the beginning or during representation, we might express opinions or beliefs concerning the Matter and the results that might be anticipated. Any such statement made by us is an expression of opinion only; it is not a promise or guarantee of results.

7.    Statement of Client's Rights and Responsibilities (Enclosures).    Enclosed with this Agreement are the Statement of Client's Rights and Statement of Client's Responsibilities. All New York-based attorneys are legally required to provide these documents to their clients.

8.    Arbitration.    Any dispute over fees and/or costs (a "Dispute") will be submitted to and settled exclusively by binding arbitration, in accordance with the provisions of this Paragraph, subject only to any applicable requirement of law that the parties engage in a preliminary non-binding mediation or arbitration regarding fee disputes. Binding arbitration shall be conducted in accordance with the Judicial Arbitration and Mediation Service Streamlined Rules & Procedures (the "JAMS Rules") and governed under New York law. Arbitration shall be held in the County of New York, Borough of Manhattan, before an arbitrator selected pursuant to the JAMS Rules who will have no personal or pecuniary interest, either directly or indirectly, from any business or family relationship with either of the parties. All decisions of the arbitrator will be final, binding, and conclusive on the parties.

Initial Here: _____

DocuSign Envelope ID: 0676A889-3E48-4D56-A9D7-38107151314B



The parties will equally share the costs of the arbitrator and the arbitration fee (if any). Each party will bear that party's own attorneys' fees and costs, and the prevailing party will not be entitled to reimbursement by the other party of any of its fees or costs incurred in connection with the arbitration hereunder, regardless of any rule to the contrary in the applicable arbitration rules. Either party may seek confirmation of the arbitration award in the Supreme Court of the State of New York in New York County, and each party hereby consents to the exclusive jurisdiction and venue of the Supreme Court of the State of New York, in New York County in any claim or action arising hereunder. By signing this Agreement containing this provision, you agree to waive any and all rights to a jury trial regarding any Dispute. You also waive your rights under Part 137 of the Rules of the Chief Administrator of the Courts of New York to mediate and/or arbitrate any fee dispute if the fee is between $1,000 and $50,000 and to commence an action for review in a court of competent jurisdiction if the award aggrieves you.

By entering into agreements that require arbitration as the way to resolve fee disputes, you give up (i.e., waive) your right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration.

Please confirm your approval of this Agreement by signing and returning a duplicate copy. If you have any questions, or if this Agreement does not accurately set forth our arrangement, please let me know.

Very truly yours,
LIPSKY LOWE LLP


s/ Douglas B. Lipsky
Douglas B. Lipsky

Enclosures


AGREED AND ACCEPTED:

_____

7/28/2021
_____
(Date)


Initial Here: _____



EXHIBIT D

# Activities Export

| Date | Type | Description | Matter | User | Qty | Rate ($) | Non-billable ($) | Billable ($) |
|---|---|---|---|---|---|---|---|---|
| 10/18/2021 | $ | R Briton mediation fee<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Douglas Lipsky | 1.00 | 1,112.50 | - | 1,112.50 |
| 08/04/2021 | $ | FedEx<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Douglas Lipsky | 1.00 | 20.84 | - | 20.84 |
| 01/19/2021 | $ | Filing fee<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Douglas Lipsky | 1.00 | 402.00 | - | 402.00 |
| 11/05/2020 | $ | Process server<br>● Unbilled | 01179-Rakhmanin Rakhmanin, Stepanova and Larina v. Kanex Inc. d/b/a Grand Mountain Hotel, Alex Smushkovich and Tatyana Ruganovich | Douglas Lipsky | 1.00 | 67.50 | - | 67.50 |
| | | | | | | | **$0.00**<br>0.0h | **$1,602.84**<br>0.0h |

# Alexander
# POOLE & Co. Inc.

ATTORNEY'S SERVICENTER
SINCE 1961

*ALEXANDER POOLE & CO., INC.*
*41 STATE STREET, STE 406, ALBANY, NY 12207*
*TELEPHONE* **518-436-0895** • *FAX 518-436-7366*
*EMAIL INFO@ALEXANDERPOOLE.COM*

Federal ID # 14-1482374

Invoice # **2034531**

November 12, 2020

14088
Lipsky Lowe LLP
Carmen Liggia Espinal
420 Lexington Avenue, Suite 1830
New York NY 10170

# PAID

Your File No.: Rakhmanin

## Routine

Contract or SFS No.:

| | |
|---|---|
| Sergei Rakhmanin, et al | Plaintiff/Petitioner |
| *vs* | |
| Kanex Inc. d/b/a Grand Mountain Hotel, et al | Defendant/Respondent |

Date Received: 11/5/2020
Serve By Date:
Date Returnable:
Docket or ID #: 1:20-cv-01287-FJS-DJS
Court: U. S. District
County: Northern Dist.

File:

**Re:** **Kanex Inc. d/b/a Grand Mountain Hotel**

Docs. Served *or* Svc. Provided: Summons in a Civil Action with Class and Collective Action Complaint
Pursuant to Business Corporation Law §306

Date Served/Complete: 11/12/2020    Method:
Server: Robert Guyette

| Date | Service Description | Qty | Service Fee |
|---|---|---|---|
| 11/5/20 | Secretary of State Fee ($40) Prepaid by Customer | 1 | $40.00 |
| 11/5/20 | Svc. on Secretary of State - Regular (Svc.Fee Prepaid) | 1 | $20.00 |
| 11/5/20 | Print Copies | 50 | $7.50 |

**Payments Made:**
11/10/2020 by Douglas Lipsky Credit Card Transaction #PJ0060735379 - Applied $67.50 of $135.30

| | |
|---|---|
| **Total Service Fees** | **$67.50** |
| **Payments/Credits** | **-$67.50** |
| **Balance Due =** | **$0.00** |

**Notes:** **EMAIL AFFIDAVIT TO lynette@lipskylowe.com AND carmen@lipskylowe.com**

There will be a $20.00 fee charged for any returned check.

---

**We also accept eChecks, PayPal, Visa, Mastercard, American Express & Discover**

14088
Lipsky Lowe LLP
Carmen Liggia Espinal
420 Lexington Avenue, Suite 1830
New York NY 10170

Customer Fax: 212-444-1030
Invoice#: **2034531**
Invoice Date: 11/12/2020

Alexander, Poole & Co., Inc.
41 State St, Ste 406
Albany, New York, 12207

**Total Amount Due:** **$0.00**

**FedEx.**    Shipment Receipt

**Outbound Shipment**
**Address Information**
**Ship to:**

Sergey Rakhmanin

Select or enter



US

**Ship from:**

Milana Dostanitch

Lipsky Lowe LLP

1

US

**Return Shipment**
**Address Information**
 **Ship to:**
**Ship from:**

   Milana Dostanitch
Sergey Rakhmanin
   Lipsky Lowe LLP
Select or enter



   US
US

**Shipment Information:**
Tracking no.: 774443174499
Ship date: 08/04/2021
Estimated shipping charges:  0.00

**Package Information**
Pricing option: FedEx Standard Rate
Service type: FedEx Express Saver
Package type: FedEx Envelope
No of returns: 1
Total weight: 1.00 LBS
Declared Value: 0.00 USD
Special Services:

Pickup/Drop-off: Drop off package at FedEx location

**Shipment Information:**
Tracking no.: 791180224614
Date Created: 08/04/2021
Estimated shipping charges:  0.00

**Package Information**
Return label type: Print
Pricing option:
Service type: Standard Overnight
Package type: FedEx Envelope
No of returns: 1
RMA no.:
Total weight: 1   LBS
Declared Value: 0.00  USD
Special Services:
Pickup/Drop-off:

**Billing Information:**
Bill transportation to: My Account - ▮▮▮▮

Your reference:
P.O. no.:
Invoice no.:
Department no.:

**Billing Information:**
Bill transportation to: My Account -
▮▮▮▮

Your reference:
P.O. no.:
Invoice no.:
Department no.:

**Thank you for shipping online with FedEx ShipManager at fedex.com.**

## Please Note

FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1000, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details.

The estimated shipping charge may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.



**FedEx Billing Online**

View Cart
0.00     📇 Printer-friendly     🔒 Logout     ❓     | Help |

| Account Summary | Search/Download | My Options | Message Center |

**Invoice Detail View**                                                                     Back

**Invoice Summary**                                                        ❓ Help   ⊟ Hide

| Billing Information | | | Charge Summary | ⊞ View Details |
|---|---|---|---|---|
| | | | Total express charges | 20.84 |
| Invoice no. | <Prev  4-196-26050 ⌄  Next> | | Total ground charges | 0.00 |
| Account no. | | 3489-8011-4 | Total other charges | 0.00 |
| Store ID no. | | | Total invoice amount | 20.84 |
| FedEx Tax ID No. | | 71-0427007 | Total payments and credits | 20.84 |
| Invoice date | | 08/10/2021 | **Total balance due** | **$0.00** |
| Invoice status | | Closed | | |
| Balance due | | $0.00 | | |
| View Invoice History | | | | |

[ Notify User ] [ Download invoice ] [ Dispute invoice ]

Other discounts may apply.
To pay your FedEx invoice, please go to www.fedex.com/payment. Thank you for using FedEx.
Shipments included in this invoice received an earned discount. If you would like to know how it was calculated, please go to the following URL: https://www.fed Read More..

**FedEx Invoice Details**                                                            ❓ Help

Filter by  | None selected ⌄ |                                  Results per page  | 10 ⌄ |

| Select all | Tracking ID | Date | Type | Product group | Reference | Payor | Status | Meter | Total Billed | Balance due |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ | 774443174499 | 08/04/2021 | 🟧 Express | | NO REFERENCE INFORMATION | Shipper | Closed | 104593425 | 20.84 | 0.00 |

[ Notify User ]

                                                                                        Back

**OUR COMPANY**

About FedEx
Our Portfolio
Investor Relations
Careers

**MORE FROM FEDEX**

FedEx Blog
Corporate Responsibility
Newsroom
Contact Us

FedEx Compatible
Developer Resource Center
FedEx Cross Border

**LANGUAGE**

Change Country

| English |

**FOLLOW FEDEX**

© FedEx 1995-2018     Feedback   |   Site Map   |   Terms of Use   |   Security & Privacy

# Roger H. Briton

89 Eagle Chase
Woodbury, New York  11797
(516) 503-9119
roger.briton.adr@gmail.com

October15, 2021

Douglas Lipsky, Esq. (doug@lipskylowe.com)

Milana Dostanich, Esq. (milana@lipskylowe.com)

Attorneys for Plaintiff

Irina Shpigel, Esq. (Ishpigel@iselaw.com)

Attorney for Defendants

Re: Rakhamnin, et al v. Kanex, Inc. eta al, 21-cv-00275

Below please find my statement for mediation services.  This case is being billed on the basis of the Eastern District of New York guidelines. If required, a copy of my W-9 is attached.

If you have any questions, please do not hesitate to contact me.

**Mediation Services:**

|  |  | Activity Hours |
|---|---|---|
| 8/30/21 | Preparation | 1.0 |
| 8/31/21 | Mediation | 4.0 |
| 9/27/21 | Continued mediation | 5.0 |
| 9/28-10/15/21 | Mediation follow up with all counsel | 1.5 |
|  | AMOUNT: $ 2,225.00 | |

| 1/2 Payable by Plaintiff | $ 1,112.50 |
|---|---|
| 1/2 Payable by Defendants | $ 1,112.50 |

**Payment may be made by Zelle addressed to 516-503-9119 or check payable to Roger Briton and mailed to 89 Eagle Chase, Woodbury, NY 11797.**